JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ANIL RAO

**DEFENDANTS**

I. MICHAEL ROSS

**(b)** County of Residence of First Listed Plaintiff  Alachula
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Monterey County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Derek A. Eletich
155 Forest Avenue
Palo Alto, CA 94301-161
(650) 543-5477

Attorneys (If Known)

C08  01596 BZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  another district
(specify)

Transferred from

☐ 6  Multidistrict
Litigation

☐ 7  Judge from
Magistrate
Judgment

Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2201

Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $** Declaratory Relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".  C 08 01502 MHP

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
March 24, 2008

SIGNATURE OF ATTORNEY OF RECORD

1 | DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
2 | KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
kymberleigh@eletichlaw.com
3 | LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
4 | Palo Alto, CA 94301
Telephone:    (650) 543-5477
5 | Facsimile:    (650) 429-2028

6 | Attorneys for Plaintiff
ANIL RAO
7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | ANIL RAO,                                    Case No. **C08 01596**

12 |                    Plaintiff,                **COMPLAINT FOR DECLARATORY RELIEF, LIBEL PER SE AND SLANDER PER SE**

13 |          v.

14 | I. MICHAEL ROSS,                             **DEMAND FOR JURY TRIAL**

15 |                    Defendant.

16

17 |          Plaintiff ANIL RAO ("Rao") for his Complaint alleges as follows:

18 |                    1.    This is an action for declaratory judgment and attorneys' fees. This is also

19 | an action for libel per se and slander per se. By this action, Rao seeks, *inter alia*, to eliminate

20 | any doubt that his GPOCS software program does not infringe on any copyright or other

21 | intellectual property rights owned by Defendant I. MICHAEL ROSS' ("Ross'"") including, but

22 | not limited to, any copyright to the DIDO software program allegedly owned by Ross.

23 |                              **JURISDICTION AND VENUE**

24 |                    2.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201

25 | and the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction over

26 | the claims asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

27

28

COMPLAINT FOR DECLARATORY RELIEF, LIBEL PER SE AND SLANDER PER SE

1    3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

2    and 28 U.S.C. § 1400(a), in that Ross resides in this judicial district in Monterey County,

3    California.

4                              **INTRADISTRICT ASSIGNMENT**

5    4.    Pursuant to Civil L.R. 3-2(c) and the Court's Assignment Plan, because

6    this action is an Intellectual Property Action, it is properly assigned to any of the divisions in the

7    Court.

8                                      **PARTIES**

9    5.    Rao is an individual residing in the Florida.

10    6.    Ross is an individual residing in Monterey County, California.

11                              **FACTUAL ALLEGATIONS**

12    7.    Rao and Ross both worked at the Charles Stark Draper Laboratory, Inc.

13    ("Draper"). While working at Draper, Ross wrote software code entitled DIDO. DIDO is a

14    MATLAB application package for dynamic optimization. On information and belief, when Ross

15    left Draper in or about July 2001, a copy of the source code to the DIDO software remained with

16    Draper.

17    8.    Sometime around Thanksgiving 2001, Rao asked Timothy Brand

18    ("Brand"), a Draper Division Leader, whether Draper had a copy of the DIDO source code and

19    who owned the source code. Brand responded that Draper owned the source code because

20    Draper had paid for it. With that understanding, Rao asked Brand if Rao could get a copy of the

21    DIDO source code so that Rao could modify it because Rao was having trouble using the

22    executable copy he was given by Draper.  Brand gave Rao permission to modify the DIDO

23    code, and told Rao that he would have Tom Thorvaldsen ("Thorvaldsen") get a copy of the code

24    to Rao.

25    9.    Upon receiving the DIDO source code from Thorvaldsen, Rao made only

26    one substantive change to the DIDO source code. Rao never made any additional changes to the

27    DIDO source code and did not use or view the DIDO source code after January 2002, when he

28    made his only modification to the DIDO source code.

2

1     10.    In August 2003 Ross publicly accused Rao of plagiarism at the AIAA

2  Guidance Navigation and Control Conference in Austin, Texas, where at least forty people had

3  gathered for the presentation of Rao's paper titled "Extension of a Pseudospectral Legendre

4  Method to Non-Sequential Multi-Phase Optimal Control Problems," (the "2003 Accused

5  Paper"). During his accusation, Ross claimed instead that the contents of the 2003 Accused

6  Paper "was identical to a paper [Ross] had written a year earlier." Rao denied the allegation,

7  which Ross made repeatedly in front of the forty or more witnesses while jumping up and down

8  and screaming.

9     11.    Rao left Draper at the end of June 2006 and went to work for the

10  University of Florida.

11     12.    During the latter half of 2006 and early 2007, Rao developed a formal

12  reusable software program in MATLAB that solves dynamic optimization problems. He named

13  this software GPOCS. The mathematical methodology used in GPOCS is based on the extensive

14  open literature work co-authored by Rao, and is fundamentally different from that used in DIDO.

15  Moreover, on information and belief, the algorithmic structure and overall procedure used in

16  GPOCS is fundamentally different from that used in DIDO. Rao has never seen any version of

17  the DIDO source code other than that which he had access to through Draper, and Rao did not

18  knowingly make use of any recollection he may have of the DIDO source code in preparation for

19  or during the process of writing the GPOCS code. Rao has not looked at any other version of the

20  DIDO source code in preparation for or during the process of writing of GPOCS. Rao certainly

21  never copied any part of any version of the DIDO source code for use in GPOCS.

22     13.    Rao and Tomlab Optimization AB ("Tomlab"), a Swedish Corporation,

23  entered into a License for the Supply of Software for GPOCS on May 17, 2007. GPOCS has

24  been distributed through Tomlab since June 2007.

25     14.    On or about July 3, 2007, Rao received two phone calls: one from Dr. Tim

26  Anderson ("Anderson"), the Dean of Engineering Research at the University of Florida, and the

27  other from Dr. Thomas Walsh ("Walsh"), the Dean of Sponsored Research at the University of

28  Florida, informing Rao the he had been accused in a June 22, 2007 e-mail and letter dated June

3

1  25, 2007 of academic misconduct by Ross in connection with the 2003 Accused Paper. Walsh
2  then forwarded Rao a voluminous .pdf file sent by Ross containing his various allegations. Rao
3  was asked to respond to the allegations in writing, which he did on or about July 6, 2007. After
4  Rao provided his written response, Ross' allegations and Rao's response were distributed to a
5  panel of three senior faculty members for review in order to determine if any plagiarism had
6  occurred.

7      15.    On or about July 19, 2007, Ross sent a second accusation of plagiarism to
8  the University of Florida, in which he claimed the GPOCS manual had been plagiarized from his
9  DIDO manual and suggested that the GPOCS software was not original. On July 20, 2007, Rao
10  responded to the new allegations in writing. Ross' new allegations and Rao's new response were
11  consolidated with Ross' original allegations and Rao's original response already being reviewed
12  by the three faculty member panel.

13      16.    On or around August 2, 2007, Ross e-mailed Tomlab and alleged that
14  Tomlab's distribution of Rao's GPOCS software was illegal.

15      17.    Also in August 2007, Ross and Rao both attended the Astrodynamics
16  Specialist Conference in Mackinac Island, Michigan. At that conference, Ross told other
17  attendees that Rao's GPOCS code was a copy of Ross's DIDO code. On the morning of August
18  21, 2007, at a conference session attended by both Rao and Ross, U.S. Air Force Major Timothy
19  Jorris (a Ph.D. student at the time at the U.S. Air Force Institute of Technology), made a
20  presentation where his results were obtained using the GPOCS software. The next presenter was
21  U.S. Air Force Caption Kevin Bollino, one of Ross' Ph.D. students. Caption Bollino began his
22  presentation with the comment that the results obtained by the previous presenter had been
23  obtained using a software program called GPOCS that is "probably a copy of DIDO." On
24  information and belief, Captain Bollino made this statement on behalf of and at the behest of
25  Ross.

26      18.    Rao is informed and believed that on August 21, 2007, while still at the
27  Astrodynamics Specialist Conference in Mackinac Island, Michigan, Ross approached David
28  Geller ("Geller"), Rao's colleague from Utah State University, and told Geller that "[he had]

4

1  finally nailed [Rao], and that [Rao] had 'done something wrong and [that he was] going to make
2  him pay for it.'"

3       19.   Ultimately, the University of Florida panel investigating Ross' allegations
4  (1) found no evidence of plagiarism with regard to the 2003 Accused Paper; (2) ruled that the
5  similarities between the DIDO and GPOCS source codes had to be expected from two programs
6  serving similar functions; and (3) ruled that Ross' allegations were petty and frivolous. Both
7  Rao and Ross were informed of these findings on or about August 22, 2007.

8       20.   On or around August 29, 2007, Ross nonetheless contacted Tomlab again
9  and provided what he called "Prima Facie Evidence" on the alleged similarities between the
10 DIDO code and the GPOCS code in an attempt to dissuade Tomlab from continuing to distribute
11 the GPOCS code.

12      21.   As of September 19, 2007, Ross was still communicating with Tomlab,
13 and trying to get them to stop distributing the GPOCS software on the basis of Ross's allegations
14 of copyright infringement and his allegations of plagiarism and other professional misconduct.

15      22.   On or about November 21, 2007, Ross's attorney sent Tomlab a "cease
16 and desist" letter, requesting that Tomlab preserve all evidence of the content of the GPOCS
17 code and putting Tomlab "formally on notice that by distributing what Dr. Ross believes to be
18 the copyright-infringing GPOCS software, Tomlab has rendered and continues to render itself
19 liable for direct copyright infringement and/or contributory copyright infringement."

20      23.   Rao is informed and believes that on or around February 19, 2008, Ross
21 impersonated Rao in an on-line posting on Wikipedia in an attempt to damage Rao's professional
22 reputation and compromise Rao's ability to legally defend his GPOCS code by making it appear
23 as if Rao had admitted on the Internet that the method used in the GPOCS code was based on
24 Ross's work.

25 **FIRST CLAIM FOR RELIEF**

26 **(Declaratory Judgment – 17 U.S.C. § 501)**

27      24.   Rao realleges and incorporates by reference the allegations of paragraphs
28 1 through 23, inclusive, as though fully set forth.

5

1            25.    Because of Ross' actions and threats described above, Rao has a

2 reasonable and strong apprehension that he will soon be faced with a copyright infringement suit

3 brought by Ross. Accordingly, an actual controversy has arisen and exists between Rao and

4 Ross within the meaning of 28 U.S.C. § 2201.

5            26.    Rao contends that his GPOCS software program was independently

6 created.

7            27.    Rao contends that he does not infringe any copyright owned by Ross or

8 allegedly owned by Ross relating to DIDO.

9            28.    Rao seeks a declaration that GPOCS does not infringe any copyright held

10 by Ross or allegedly owned by Ross relating to DIDO so that there will be no controversy

11 clouding Rao's right to continue distributing GPOCS or ancillary products.

12                          **SECOND CLAIM FOR RELIEF**

13                                   **(Libel Per Se)**

14            29.    Rao realleges and incorporates by reference the allegations of paragraphs

15 1 through 28, inclusive, as though fully set forth.

16            30.    As described above, Ross has repeatedly published accusations that Rao has

17 committed improper acts including, but not limited to, plagiarism and theft by sending e-mails and

18 letters to other people.

19            31.    These statements were false as it pertains to Rao.

20            32.    These statement were libelous on their face.  These statements clearly expose

21 Rao to hatred, contempt, ridicule and obloquy because they charge Rao with committing a crime and

22 acting in an improper manner.

23            33.    As described above, these statements were published to various persons.

24            34.    As a result of the above-described statements, Rao has suffered general

25 damages to his reputation.

26            35.    As a further and proximate result of the above-described statements, Rao has

27 suffered special damages in an amount to be determined at trial.

28            36.    The above-described statements were published by Ross with malice and

6

COMPLAINT FOR DECLARATORY RELIEF, LIBEL PER SE AND SLANDER PER SE

1  oppression in that he knew them to be false and published them to injure Rao, and thus an award of

2  exemplary and punitive damages is justified.

3  ## THIRD CLAIM FOR RELIEF

4  ### (Slander Per Se)

5          37.    Rao realleges and incorporates by reference the allegations of paragraphs

6  1 through 36, inclusive, as though fully set forth.

7          38.    As described above, Ross has repeatedly accused Rao of improper acts

8  including, but not limited to, plagiarism and theft by stating this to other people.

9          39.    As described above, Ross' statements were heard by many different persons.

10          40.    These words were slanderous per se because they charge Rao with crimes.

11          41.    The words uttered by Ross were false.

12          42.    The words carried a defamatory meaning because they conveyed to other

13  persons who heard them that Rao had committed a crime.

14          43.    As a result of the above-described words, Rao has suffered general damages

15  to his reputation.

16          44.    As a further and proximate result of the above-described words, Rao has

17  suffered special damages in an amount to be determined at trial.

18          45.    The above-described words were spoken by Ross with malice and oppression

19  in that he knew them to be false and said them to injure Rao, and thus an award of exemplary and

20  punitive damages is justified.

21  ## PRAYER FOR RELIEF

22          WHEREFORE, Rao pray for judgment against Ross follows:

23          (a)    That Rao's GPOCS program does not infringe any copyrights owned by

24  Ross and/or allegedly owned by Ross related to DIDO;

25          (b)    Injunctive relief restraining Ross, his agents, licensees, servants,

26  employees, successors, assigns and all others in concert and privity with them from bringing any

27  lawsuit or threat against Rao or any person or entity for copyright infringement in connection

28  with the development, marketing or distribution of GPOCS or GPOCS related software products;

7

1            (c)     An award of costs, expenses and attorneys' fee incurred by Rao herein

2    pursuant to 17 U.S.C. § 505;

3            (d)     For general damages according to proof;

4            (e)     For special damages according to proof;

5            (f)     For exemplary and punitive damages;

6            (g)     For interest on the foregoing as allowed by law; and

7            (h)     Such other and further relief as the Court deems proper and just.

8    Dated:  March 24, 2008                  LAW OFFICE OF DEREK A. ELETICH

9

10                                 By:

11                               DEREK A. ELETICH

12                               Attorney for Plaintiff
                            ANIL RAO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff ANIL RAO hereby demands trial by jury of all issues triable by right of

3    jury.

4    Dated: March 24, 2008                    LAW OFFICE OF DEREK A. ELETICH

5

6    By: _____

7         DEREK A. ELETICH

8         Attorney for Plaintiff
         ANIL RAO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9