STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Defendant
I. MICHAEL ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIL RAO,<br><br>        Plaintiff,<br><br>   v.<br><br>I. MICHAEL ROSS,<br><br>        Defendant. | CASE NO. C08-01596 MHP<br><br>**MOTION OF PREVAILING PARTY I. MICHAEL ROSS FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:    June 9, 2008<br>Time:   2.00 p.m.<br>Place:   Courtroom 15, 18th Floor<br>Judge:  Hon. Marilyn Hall Patel |

## I.    <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE THAT on June 9, 2008, at 2.00 p.m. or as soon thereafter as the matter may be heard, and in Courtroom 15 of this court, defendant I. Michael Ross ("Ross") will move under 17 USC § 505 and F. R. Civ. P. 54(d) for an order requiring plaintiff Anil Rao ("Rao") to pay the attorney's fees incurred by Ross of having to defend the action, in the amount of $12,320. In addition, Ross seeks an award of attorney's fees against Rao's attorney of record, under 28 USC § 1927, for unreasonably and vexatiously multiplying the pleadings, in the amount of $5,480.

The grounds for the motion are that: (1) Ross is entitled to recover his attorney's fees as the prevailing party, since Rao voluntarily dismissed the action; and (2) counsel for Rao caused Ross to incur the expenses of an unnecessary application to treat this case as related, and of unnecessarily

{00306593v1}        -1-
Motion of Prevailing Party I. Michael Ross for Attorney's Fees and Costs
(Case No. C08-01596 MHP)

preparing an answer and counterclaim, and a stipulated protective order, given that Rao intended to dismiss the action on the last day for Ross to respond to the complaint, and delayed dismissing the action to ensure that Ross incurred the maximum possible amount of wasted legal expenses.

The motion will be supported by the submissions which follow, the accompanying declaration of Stuart Clark, the documents on file, and by such other submissions, evidence, and argument as may be permitted prior to or at the hearing of the motion.

## II.    INTRODUCTION

Ross seeks, as the prevailing party, to recover his attorney's fees of defending the action, including but not limited to responding to Rao's aggressive litigation tactics in demanding immediate expedited discovery, and in refusing to stipulate to the case being treated as a related case, preparing to file an answer and counterclaim, and preparing a proposed protective order, only to have Rao dismiss the action moments before Ross filed his answer and counterclaim.  Indeed, after an initial burst of Rambo-like litigation tactics Rao dismissed this action a mere 20 days after service of the complaint – thereby clearly demonstrating that the action was frivolous and calculated only to intimidate, and was therefore improperly filed.

Ross also seeks to recover from Rao's attorney, as expenses resulting from improperly multiplying the pleadings, the wasted attorney's fees and costs that Ross incurred in having to unnecessarily file a motion to declare this a related case, and in drafting an answer and counterclaim and in preparing a protective order.

## III.    RELIEF SOUGHT

Ross seeks an award of reasonable attorney fees against Rao in the sum of $12,320, under 17 USC § 505 and F. R. Civ. P 54(d).

Ross also seeks an award of reasonable attorney fees against counsel for Rao, jointly and severally with Rao, in the sum of $5,480, under 28 USC § 1927.

## IV.    STATEMENT OF FACTS

Rao filed this action on March 24, 2008.  He asserted three claims for relief against Ross, namely: (1) a declaratory judgment that his GPOCS software program does not infringe the copyright in a DIDO software program created by Ross (Complaint, ¶¶ 24-28); (2) libel per se,

based on unidentified alleged statements by Ross concerning the copyright infringement issue (*Id.,* ¶¶ 29-36; and (3) slander per se, also based on unidentified alleged statements by Ross (*Id.,* ¶¶ 37-45).

The action was filed after Ross had unsuccessfully attempted to persuade Rao – through negotiations with his counsel (Sven Hanson, Esq.) – to agree to the appointment of a third party expert to examine the code relating to the copyright dispute and to report on his/her findings with regard to the alleged copyright infringement.[1] In the final analysis Ross' attempt at achieving an out of court resolution floundered when Rao refused to turn over all versions in the evolution of his software from the DIDO product, and insisted that he would only produce the current code.

Prior to this action being filed, Ross had sued Rao's distributor of GPOCS, Tomlab Optimization A.B. and Tomlab Optimization, Inc. (hereinafter jointly called "Tomlab") for copyright infringement and unfair competition based on its distribution of GPOCS (the "Ross/Tomlab Action").[2]

At the time that the summons and complaint in this action was served on Ross, counsel for Rao (Derek A. Eletich, Esq.) delivered a letter dated March 28, 2008 to Ross personally about evidence preservation issues,[3] in violation of California Rule of Professional Conduct 2-100, which prohibits communications "about the subject of the representation with a party the member knows to be represented by another lawyer in the matter." Mr. Eletich also wrote another letter to Ross in violation of Rule 2-100 on March 31, 2008.[4]

At the time that Mr. Eletich communicated directly with Ross, Mr. Eletich and Rao both knew that Stuart Clark ("Clark") was representing Ross in this dispute, as is apparent from the following facts, among others:

1. Paragraph 22 of the complaint alleges that "[o]n or about November 21, 2007 Ross' attorney sent Tomlab a 'cease and desist' letter, requesting that Tomlab preserve all

---

[1]. The history of these discussions is set out in paragraphs 2 through 7 of the declaration of Stuart Clark dated April 29, 2008 ("Clark Dec.").
[2]. Case No. C08-01052 MHP, filed on February 8, 2008.
[3]. Clark Dec., ¶ 8 and Exhibit "G".
[4]. Clark Dec., Exhibit "H".

evidence of the content of the GPOCS code." Thus Mr. Eletich admits that he knew when he filed the complaint that Ross was represented by Clark in this dispute. The letter referenced in the pleading was copied to Rao's attorney Sven Hanson, Esq., and on the very same day Clark wrote separately to Hanson about the dispute with Rao that is the subject of this action.[5] It is inconceivable that when Mr. Eletich reviewed Hanson's file and discovered Clark's letter to Tomlab that was copied to Hanson he did not also discover Clark's letter to Hanson.

2. Rao telephoned Clark personally on January 31, 2008 to discuss this case, and Clark declined to talk to him because Rao was at that time represented by counsel.[6]

3. During the period November 2007 through February, 2008, Clark exchanged letters and email communications with Mr. Hanson, and spoke to him on the telephone at least twice concerning this dispute[7] – contacts that would also have been apparent to Mr. Eletich on looking at Rao's papers when he was retained in this action.

After Clark wrote objecting to Mr. Eletich's violation of the Rules of Professional Conduct,[8] Mr. Eletich commenced communicating with Clark rather than with Ross directly.[9] The first such communication to Clark took Mr. Eletich's Rambo-like litigation tactics to another level, in that it demanded that Clark should stipulate *within a less than 24 hours deadline* to an order shortening time on a motion to commence early discovery. Clark responded by objecting to Mr. Eletich's failure to meet and confer in good faith about early discovery, and indicating that he too as interested in obtaining early discovery of Rao's source code.[10]

Within hours of Clark's letter, and ignoring Clark's willingness to discuss a stipulation for early discovery, Mr. Eletich wrote to threaten that "*we will serve you with a copy of our application for an order shortening time and a motion for early discovery tomorrow.*"[11]

---

[5]. Clark Dec., Exhibit "A".
[6]. Clark Dec., ¶ 4.
[7]. Clark Dec., ¶¶ 5-7.
[8]. Clark Dec., Exhibit "I".
[9]. Clark Dec., Exhibit "J".
[10]. Clark Dec., Exhibit "K".
[11]. Clark Dec., Exhibit "L".

1    Because this case was and is related to the case of *Ross v. Tomlab*, Case C08-0152 MHP,
2 but had not yet formally been declared by the Court to be related, Mr. Eletich's threat to file an
3 application for expedited relief made it necessary to address the related case issue immediately.[12]
4 Accordingly, by letter dated April 3, 2008 to Mr. Eletich and counsel for Tomlab, David
5 Newhouse, Esq., Clark asked them to stipulate to the cases being treated as related, and forwarded a
6 proposed stipulation for execution.[13] Mr. Newhouse agreed to stipulate as requested, subject to his
7 being formally retained by Tomlab. Mr. Eletich did not respond to Clark's letter. Nor did Mr.
8 Eletich respond to Clark's follow up Voicemail message left on his office answering machine at
9 11.43 a.m. that day, asking him to let Clark know if he was willing to stipulate. As a result of Mr.
10 Eletich's non-response and refusal to stipulate, it was necessary for Ross to incur the expenses of
11 filing a formal application for an order declaring the cases related.

12    Ross' response to the complaint was due to be filed no later than April 16, 2008. Ross was
13 therefore required to incur the expense of having his counsel prepare an answer addressing the
14 detailed, and disputed, allegations of the complaint. In addition Ross was required to incur the
15 expense of having his counsel prepare a counterclaim for copyright infringement against Rao.
16 Ross' counsel was about to file these pleadings in the late morning of April 16 when an email from
17 the court advised that Mr. Eletich had that very morning dismissed the action. Clark had also
18 prepared a proposed stipulated protective order which he had planned to send to Mr. Eletich for
19 consideration immediately after filing an answer and the counterclaim. Thus, all of this preparation
20 of documents for filing was wasted.

21    Mr. Eletich has never communicated to Clark what the reason was for dismissing the action,
22 and one can therefore only speculate what the reason might have been. What is clear, however, is
23 that by filing, and then dismissing, the action, Rao and Mr. Eletich succeeded in inflicting on Ross
24 a substantial burden of legal expense.

---

[12]. Clark Dec., ¶ 11. Unless otherwise indicated, the remaining facts set out in this Part – are also supported by that declaration.

[13]. Clark Dec., Exhibit "M".

## V. ARGUMENT

### A. Rao Should Be Ordered To Pay Ross' Attorney's Fees Of Defense

The voluntary dismissal of an action creates a presumption in favor of a costs award to the defendant. Schwarzer, et al., *Federal Civil Procedure Before Trial,* § 16.391.6 (TRG 2008) (citing *Cantrell v. International Broth. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). Where, as here, fees are recoverable under section 505 of the Copyright Act, the courts apply an "evenhanded" approach to awarding fees, i.e. that "prevailing plaintiffs and prevailing defendants be treated alike" in the exercise of the court's discretion. *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). In exercising this discretion courts should be guided by factors such as frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Id.* However, although it can be shown here, a showing of bad faith or frivolousness is not a requirement for the awarding of attorney's fees. *Susan Wakeen Doll Co. v. Ashton Drake Galeries*, 272 F.3d 441, 457 (3rd Cir. 2001) (citing *Harris Custom Home Builders, Inc. v. Hoffmeier*, 140 F.3d 728, 730 (3rd Cir. 1998)).

This action was commenced by Rao notwithstanding that Ross had deliberately not also sued Rao when filing the Ross/Tomlab Action. Thus, while Ross was seeking to avoid litigation with Rao, Rao was apparently looking for a fight with Ross. Moreover, when Rao filed the Rao/Ross Action he came out with all guns blazing, immediately demanding that Ross should stipulate on *less than 24 hours notice* to expedited discovery – and making that demand by means of a letter that was improperly sent to *Ross personally*, not to counsel for Ross. And when the demanded stipulation was not forthcoming within that unreasonably short deadline, Rao threatened – and gave emailed notice of the date for filing of – an expedited application for an order shortening time on a motion for expedited discovery (which was bogus, in that it was never filed).

By his threat to file an expedited application, Rao made it necessary to *immediately* address the related case issue presented by the similarity of issues to the Ross/Tomlab Action. Yet when Rao was asked to stipulate to the Ross/Tomlab and Rao/Ross cases being treated as related (as the Court soon thereafter ordered), Rao *did not even respond to the request.* Nor did Rao (through his counsel) respond to the follow up Voicemail request of Ross' counsel for a response to the request

to stipulate. As a result, even though counsel for Tomlab was properly willing to stipulate that the cases be treated as related, Ross was forced to incur the expenses of a formal application for the actions to be treated as related because of Mr. Eletich's refusal to cooperate.

Rao's timing of the filing of his request for dismissal was manifestly calculated to inflict the maximum financial cost on Ross, in that the filing of the dismissal was delayed until the morning of the last day for Ross to respond to the complaint. And no advance warning or explanation of the dismissal was communicated to counsel for Ross, thereby ensuring that there was no way of Ross avoiding incurring the expenses of responding to the complaint. To the contrary, Rao was probably quite proud of the way he had planned matters to maximize the adverse consequences to Ross, without advancing Rao's interests in the litigation at all.

While Rao and his counsel were improperly engaged in the conduct described above with respect to Ross, they were also engaged in hardball tactics against Tomlab that were clearly calculated to destroy evidence in Tomlab's possession that might prove copyright infringement by Rao. Specifically, on April 1, 2008 Mr. Eletich wrote to Tomlab demanding that Tomlab should immediately return to Rao all copies of the GPOCS software, and further demanding that Tomlab "*must irretrievably and irrevocably destroy those electronic copies which remain after all copies of the GPOCS Software have been successfully delivered to Dr. Rao.*"[14]

Under the circumstances, not only is Ross presumptively entitled to costs and attorney fees as the prevailing party, his presumptive rights are bolstered by litigation tactics that were motivated by spite, and were objectively unreasonable, and included frivolous litigation conduct and conduct calculated to destroy evidence. Thus, Ross should be awarded attorney's fees in the sum of $12,320.

**B.    Rao's Counsel Should Be Ordered To Pay Part Of Ross' Attorney's Fees**

28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." "Multiplies" implies

---

[14]. Clark Dec., Exhibit "N".

that the attorney's conduct has resulted in unnecessary proceedings. Schwarzer, et al., *Federal Civil Procedure Before Trial*, *supra.,* § 17:640. To be sanctionable, actions must be both "unreasonable" and "vexatious," which requires a showing of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *Pacific Harbor Capital, Inc. v. Carnival Air Lines,* 210 F. 3d 1112, 1118 (9th Cir. 2000) (Bad faith by counsel is required to justify a award of sanctions under section 1927).

L.R. 3-12(b) requires that a party becoming aware that an action is related must promptly file in the earliest filed case an Administrative Motion to Consider Whether Cases Should Be Related (a "Related Case Motion"), pursuant to the procedures of L.R.7-11 (which procedures include a requirement to explain why no stipulation to the requested relief is forthcoming). Thus, when he filed this action counsel for Rao, Mr. Eletich, was under an affirmative duty to file a Related Case Motion in the Ross/Tomlab Action, and also under an affirmative duty to seek a stipulation from counsel for Ross and Tomlab before doing so.

Mr. Eletich failed to comply with L.R. 3-12(b). And when his attention was drawn to that section, and he was asked to stipulate to counsel for Ross remedying his non-compliance, still Mr. Eletich refused to cooperate in providing the necessary stipulation. Thus, Mr. Eletich forced Ross to incur the wasted expenses of having to file a Related Case Motion which it was Mr. Eletich's obligation to file in the first place. Moreover, that Related Case Motion had to be filed as a matter of urgency only because of Mr. Eletich's threat to file an administrative motion to obtain expedited discovery – a threat which turned out to be bogus, in that no such administrative motion was ever filed, but which nevertheless required Ross to incur expense in anticipation of a filing.

By delaying the filing of a request for dismissal until the very last day on which Ross was required to respond to the complaint, Mr. Eletich also forced Ross to incur the unnecessary expense of preparing an answer and counterclaim. The *Edwards* case is instructive here, because in that case too a plaintiff who had decided not to pursue an action allowed the defendant to continue incurring legal expenses of the defense. (At 246-247). And on those facts the Fifth Circuit upheld the trial court's award of an amount equal to the expense incurred by defendant as a result of the delay in dismissing the action. Similar relief is sought here.

Mr. Eletich's conduct satisfies the requirements of bad faith, improper motive, and reckless disregard of duty which are the criteria for an award under section 1927. The communications with Ross in violation of the Code of Professional Responsibility, the Rambo-like litigation tactics (including but not limited to demanding action within an unreasonably short deadline, threatening bogus expedited motions, the refusal to stipulate on the related case issue, and the delay in dismissing the action until Ross had incurred the maximum possible expense), are all indicative of and consistent only with bad faith and improper motive. And Mr. Eletich's reckless disregard of his obligation to file a Related Case Motion – and his refusal to cooperate in permitting Ross to remedy that failure – also satisfies the alternative criterion of reckless disregard for duty.

Given the foregoing, Ross respectfully requests that Mr. Eletich should be ordered to pay the unnecessary expense incurred by him in making the related Case Motion and in preparing his answer and counterclaim. According to the billing detail submitted herewith, the expenses unnecessarily incurred with respect to those activities amount to $5,480.[15]

## VI.　CONCLUSION

For the foregoing reasons: (1) Ross as the prevailing party is entitled to recover from Rao his attorney fees, in the amount of $12,320, under 17 USC § 505 and F. R. Civ. P. 54(d); and (2) Ross is entitled to recover from Rao's counsel, Mr. Eletich, the *excess* attorney's fees incurred by him in connection with the Related Case Motion and the preparation of Ross' answer and counterclaim, and the protective order, in the amount of $5,480. The order against Mr. Eletich should be joint and several as to himself and Rao.

Dated: April 29, 2008　　　　　　　　　　　　CARR & FERRELL *LLP*

By: /s/ Stuart C. Clark
　　STUART C. CLARK
　　CHRISTINE S. WATSON

　　Attorneys for Defendant
　　I. MICHAEL ROSS

---

[15]. This amount represents part of the time spent on April 2, 2008 (say two hours), and the charges for April 3, 9, 10, 11, 14, 15, and 16, 2008.

1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile: (650) 812-3444

6  Attorneys for Defendant
   I. MICHAEL ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ANIL RAO, | CASE NO. C08-01596 MHP |
|---|---|
| Plaintiff, | |
| v. | **[PROPOSED] ORDER GRANTING MOTION OF PREVAILING PARTY I. MICHAEL ROSS FOR ATTORNEY'S FEES AND COSTS** |
| I. MICHAEL ROSS, | |
| Defendant. | |

Having considered the motion of defendant I. Michael Ross ("Ross") under 17 USC § 505 and F. R. Civ. P. 54(d) for an order requiring plaintiff Anil Rao ("Rao") to pay the attorney's fees incurred by Ross of having to defend the action, and for an order under 28 USC § 1927 requiring Rao's attorney of record to pay the attorney fees for having allegedly unreasonably and vexatiously multiplied the pleadings, and good cause having been shown,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED, and that:

1.   Rao shall pay attorneys fees to Ross in the amount of $12,320;

2.   counsel for Rao, Derek Eletich, shall pay, jointly and severally with the award against Rao in paragraph 1 of this order, attorney's fees to Ross in the amount of $5,480;

3.   payment of the above amounts shall be made by check drawn in favor of I. Michael

1  Ross, within ten days of the date of this order.

4  Dated: May    , 2008

HON. MARILYN HALL PATEL
United States District Judge