STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Defendant
I. MICHAEL ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIL RAO,<br><br>              Plaintiff,<br><br>        v.<br><br>I. MICHAEL ROSS,<br><br>              Defendant. | CASE NO. C08-01596 MHP<br><br>**DECLARATION OF STUART CLARK IN SUPPORT OF MOTION OF PREVAILING PARTY I. MICHAEL ROSS FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:     June 9, 2008<br>Time:     2.00 p.m.<br>Place:    Courtroom 15, 18th Floor<br>Judge:    Hon. Marilyn Hall Patel |

I, the undersigned, STUART CLARK, declare as follows:

1.      I am an attorney admitted to practice before all of the courts of the State of California, and this court.  I am a member of the firm of Carr & Ferrell LLP, the attorneys of record for defendant I. Michael Ross ("Ross").  The facts set out herein are within my personal knowledge, or are based on documents in my possession and other information to which I have access in the course of my duties.  If called upon to do so I could and would testify to the truth thereof.

2.      Plaintiff Anil Rao ("Rao") and his counsel have known since November last year that I represent Ross, because by letter dated November 21, 2007 to Rao's attorney, Sven Hanson, Esq., I informed them of my representation.  A copy of that letter is attached as Exhibit "A".  Also attached, as Exhibit "B", is a copy of the letter from Mr. Hanson that I was replying to.

{00306536v1}                                -1-
Declaration of Stuart Clark in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

3.     In my letter to Mr. Hanson I suggested that a mutually agreed expert should be hired to review both Rao's code and Ross' code, to determine if there had been any copying. Mr. Hanson called me on November 26, 2008 in response to my letter, and told me that Rao would not agree to that proposal to resolve the dispute.

4.     On January 31, 2008 I received a call from Rao himself. He told me that he had just got off the phone with his attorney, and he wanted to talk to me. I informed Rao that I could not talk to him as he was represented by counsel, but that I would be happy to talk to his attorney.

5.     On February 1, 2008 I received an email from Mr. Hanson, suggesting that Rao would make only his latest version of the GPOCS code available for third party review. A copy of that email is attached as Exhibit "C". I called Mr. Hanson in response to his email, on February 4, 2008. I told Mr. Hanson that I thought his suggestion made sense, but that Rao would also have to produce the code preceding the latest version of GPOCS so that it could be determined whether there had been any copying of copyrightable expression – not just raw code. Mr. Hanson agreed to discuss the matter with Rao, and to get back to me.

6.     By email dated February 8, 2008, a copy of which is attached as Exhibit "D", Mr. Hanson reiterated that Rao was only willing to make the latest GPOCS code available. I responded by email of February 11, 2008, and a copy of that email is attached as Exhibit "E." In my email I explained why Ross needed to review the earlier code, i.e. that Ross was seeking to determine whether there had been any copying of expression apart from direct copying of code itself. I also pointed out that Rao would be forced to turn over this code through discovery in the action that Ross was about to file against Tomlab, Rao's distributor (the "Ross/Tomlab Action").

7.     The last communication from Mr. Hanson was an argumentative email dated February 19, 2008, to which I responded that in light of Rao's inflexibility about voluntarily producing earlier code I would simply await the outcome of discovery in the Ross/Tomlab Action before commenting further. Copies of Mr. Hanson's email and my response are attached as composite Exhibit "F".

8.     The next communication from an attorney on behalf of Rao was a letter written by Derek A. Eletich, Esq., attorney of record for Rao in this action, dated March 28, 2008, a copy of

{00306536v1}                                    -2-
Declaration of Stuart Clark in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

1  which is attached as Exhibit "G".  This letter was sent to Ross directly, in violation of California

2  Rule of Professional Conduct 2-100, which prohibits communications with a party known to be

3  represented by counsel.  Mr. Eletich also wrote another letter to Ross in violation of California Rule

4  of Professional Conduct 2-100 on March 31, 2008, a copy of which is attached as Exhibit "H".

5          9.     I wrote to Mr. Eletich on March 31, 2008 objecting to his direct communications

6  with Ross.  A copy of that letter is attached as Exhibit "I".  In response Mr. Eletich did not address

7  my concerns about his violation of California Rule of Professional Conduct 2-100, and threatened

8  to file an expedited motion for early discovery if I did not agree to such discovery by noon the next

9  day.   A copy of that letter is attached as Exhibit "J".

10         10.    On April 2, 2008 I wrote to Mr. Eletich warning him that if he filed a motion with

11  the court for expedited relief without engaging in meet and confer discussions, as he had

12  threatened, I would seek sanctions.  A copy of that letter is attached as Exhibit "K".  In response

13  Mr. Eletich wrote to me the same day taking the position that California Rule of Professional

14  Conduct 2-100 did not apply because he had not been told that I would continue to represent Ross

15  in this action.  Mr. Eletich also informed me that he would be filing his application for an order

16  shortening time the following day, i.e. April 3, 2008.  A copy of that letter is also attached as

17  Exhibit "L".

18         11.    Because this case was related to the Ross/Tomlab Action, but had not yet formally

19  been declared to be related, Mr. Eletich's threat to file an application for expedited relief made it

20  necessary to address the related case issue immediately.  Accordingly, by letter dated April 3, 2008

21  to Mr. Eletich and counsel for Tomlab, David Newhouse, Esq., I asked them to stipulate to the

22  cases being treated as related, and forwarded a proposed stipulation for execution.  A copy of that

23  letter is attached as Exhibit "M".  Mr. Newhouse agreed to stipulate as requested, subject to his

24  being formally retained by Tomlab.  Mr. Eletich did not respond to my letter, nor did he respond to

25  the Voicemail message that I left on his office phone at 11.43 a.m. that day, asking him to let me

26  know if he was willing to stipulate.  As a result, it was necessary to file a formal application for an

27  order declaring the cases related.

28         12.    Ross' response to the complaint was due to be filed no later than April 16, 2008.  I

{00306536v1}            -3-
Declaration of Stuart Clark in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

1  prepared an answer and a counterclaim for copyright infringement against Rao, and was about to

2  file those pleadings in the late morning of April 16 when an email from the court advised that Mr.

3  Eletich had that very morning filed a Request for Dismissal.  I had also prepared a proposed

4  stipulated Protective Order which I had planned to send to Mr. Eletich for consideration

5  immediately after filing an answer and the counterclaim.

6       13.    If Mr. Eletich had informed me even the day prior to the due date for filing that he

7  intended to dismiss the action, I would have been able to avoid the expense of preparing the

8  proposed protective order and of finalizing the answer and counterclaim.

9       14.    Attached as Exhibit "N" is a true copy of a letter produced to me by counsel for

10  Tomlab in the Ross/Tomlab Action, David Newhouse, Esq.

11       15.    I was admitted to the California Bar in 1986, and prior to that I engaged in the

12  practice of an attorney outside of the United States for 14 years.  My billing rate on this case is

13  $400 an hour.  I believe that my billing rate is reasonable, based on the nature of my civil litigation

14  practice and the billing rates generally in the San Francisco Bay Area for litigators of my seniority.

15  I have billed the following time to the defense of this action:

| Date | Description | Amount |
|------|-------------|--------|
| 3-28-08 | Telephone conference with Dr. Ross regarding action commenced by Rao (48 minutes); review complaint; emails from and to Dr. Ross (1.2 hrs) | $480 |
| 3-31-08 | Letters from and to counsel for Rao regarding direct communications with Dr. Ross; emails from and to Dr. Ross (.6 hrs) | $240 |
| 4-2-08 | Letters from and to opposing counsel regarding discovery and other issues; draft motion for related cases order, and supporting declaration (3.1 hrs) | $1,240 |
| 4-3-08 | Draft stipulation to relate cases; letter to opposing counsel regarding stipulation; telephone conference with Mr. Newhouse regarding relation of cases, settlement and other issues (25 minutes); revise and finalize motion to relate cases, and Clark declaration; draft order on motion (3.6 hrs) | $1,440 |
| 4-9-08 | Commence drafting answer and counterclaim (.7 hrs) | $280 |
| 4-10-08 | Draft and finalize initial drafts of answer and counterclaim; email to Dr. Ross (3.4 hrs) | $1,320 |
| 4-11-08 | Review edits to answer and counterclaim; emails from and to Dr. Ross (.4 hrs) | $160 |

| Date | Description | Amount |
|---|---|---|
| 4-14-08 | Emails from and to Dr. Ross regarding answer and counterclaim; review and revise answer and counterclaim; email to Dr. Ross. (.8 hrs) | $320 |
| 4-15-08 | Telephone conference with Dr. Ross; revise counterclaim; email to Dr. Ross; letter to opposing counsel regarding Rule 26(f) conference. (1.7 hrs) | $680 |
| 4-16-08 | Emails from and to Dr. Ross; draft protective order in Rao case. (1.2 hrs) | $480 |
| 4-24-08 | Emails from and to Dr. Ross; commence drafting motion for attorney's fees. (1 hr) | $400 |
| 4-25-08 | Draft Clark declaration in support of motion for attorney's fees; draft additional sections of supporting memorandum; emails from and to Dr. Ross and Mr. Newhouse. (3.8 hrs) | $1,520 |
| 4-28-08 | Complete initial draft of memorandum supporting motion for attorney's fees; revise Clark declaration; draft order prayed. (3.4 hrs) | <u>$1,360</u> |
|  | TOTAL | $9,920 |

16.    In addition to the amounts reflected above, I expect to spend a further period of approximately two hours reviewing the expected opposition to this motion, an hour preparing for the hearing, and a further three hours traveling to San Francisco for the hearing. The aggregate expense attributable to the defense of this action, therefore, is likely to be in the order of $12,320 ($9,920 plus 6 hours at $400/hr equals $12,320).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Palo Alto, California, this April 29, 2008.

/s/ Stuart Clark

STUART CLARK

CARR & FERRELL LLP
ATTORNEYS AT LAW

November 21, 2007

WRITER'S DIRECT DIAL NUMBER

(650) 812-3415

By Email and U. S. Mail

Sven W. Hanson, Esq.
Attorney at Law
926 NW 13th Street
P.O. Box 357429
Gainesville, FL 32635-7429

Dr. I. M. Ross v. Dr. Anil Rao

Dear Mr. Hanson:

I represent Dr. I. M. Ross, who has instructed me to respond on his behalf to your letter of September 21, 2007.

As you know, Dr. Ross contends that Dr. Rao's GPOCS software program infringes Dr. Ross' DIDO software program, and that Dr. Rao copied elements of expression from DIDO first into DTOP and then into GPOCS. Without access to the source code and object code of GPOCS, it is not possible to determine exactly the extent to which GPOCS incorporates either literal or non-literal elements of protected expression in DIDO. However, analysis of the GPOCS user manual indicates that GPOCS includes at least substantial copied non literal expression. Moreover, given the history of the evolution of GPOCS via DTOP from earlier versions of DIDO, it seems likely that there may also be literal infringement in the form of actual code that has been copied in addition to the copying of elements of expression.

Given the foregoing, Dr. Ross does not accept the assertion in your letter that GPOCS does not include any protectable elements of DIDO. Nevertheless, Dr. Ross is willing to allow Dr. Rao an opportunity – short of litigation – to attempt to demonstrate the accuracy of your assertions. Dr. Ross accordingly suggests that a mutually acceptable expert should be hired by the parties jointly to conduct an analysis of both GPOCS and DIDO, and to determine if, and if so to what extent, there is any literal or non-literal copying of expression from DIDO. Dr. Ross proposes that the expense of hiring the expert should initially be shared equally, with the prevailing party being able to include his share of the payment as recoverable costs in the event that litigation is necessary to resolve the current dispute.

Please take notice that Dr. Rao should preserve all evidence relating to the content of the GPOCS program, including but not limited to earlier versions of the program and all predecessor programs (including all versions of the DIDO and any other software that

2200 GENG ROAD, PALO ALTO, CALIFORNIA 94303
TELEPHONE (650) 812-3400, FACSIMILE (650) 812-3444

EXHIBIT ___A___



Sven W. Hanson, Esq.                                            Page 2.
Attorney at Law
November 21, 2007


at any time were used or sold by Dr. Rao).  Such evidence includes but is not limited to source code, object code, notes, reports, analyses, debugging checklists, communications with Tomlab and others with regard to programming, etc.  And all media on which such evidence is stored should also be preserved, including computer hard drives, eternal drives, CDs, disks, USB drives, etc.

I look forward to your response, at your earliest convenience, to Dr. Ross' proposal with regard to the hiring of an independent expert.  I also look forward to your confirmation that Dr. Rao will take the necessary steps to preserve the evidence referred to in the preceding paragraph.

Sincerely,

Stuart C. Clark


cc.    Dr. I. M. Ross

**S v e n   W.   H a n s o n,  Atty.**                    **Patent, Copyright and Trademark Matters**

*Registered U.S. Patent Attorney*

926 NW 13th Street
Mail to:  PO Box 357429
Gainesville, FL 32635-7429
(352) 375-0082
(352) 373-4662 (fax)
Email: swhanson@bellsouth.net

Professor I. Michael Ross
Mail Code: MAE/Ro
Dept. Of Mechanical & Astronautical Engineering                    September 21, 2007
Graduate School of Engineering and Applied Sciences
Monterey, CA  93943-5106

      **RE:    Infringement Claims Against Anil Rao**
            (Ref. 0907.rao)

Professor Ross-

My client, Dr. Anil Rao, has contacted me concerning your complaints of copyright infringement of your software generally referred to as DIDO.  You have stated to Dr. Rao and to others, including parties doing business with Dr. Rao and Dr. Rao's employer, that Dr. Rao has wrongfully used your creative works.  In support of your assertions, you sent to a vendor of Dr. Rao's software a document entitled *Second Notice to Tomlab Optimization AB on Copyright Violation* (Dated August 29, 2007).  I have reviewed this document and, contrary to your statements, the document does not support any infringement by Dr. Rao.

You sent essentially the same information to Dr. Rao's employer, the University of Florida, with a complaint of infringement by Dr. Rao.   The University, after review of your information, likewise found no merit to your complaint.  Dr. Rao's work, generally referred to as GPOCS is an independent work that does not include any protectable elements of your DIDO software.  Dr. Rao's work, GPOCS, does not infringe any work of yours, and Dr. Rao has taken reasonable steps, and incurred the cost of legal counsel, to ensure that is the case.

Copyright law is complex.  Your actions and statements suggest that you neither have talked to a copyright law attorney about this matter nor have sufficient knowledge of the law to form a competent opinion on the issues.  If you continue to communicate with parties doing business with Dr. Rao to make claims of infringement without support of competent legal counsel, it can only be presumed that your intents are malicious with simple intent to harm Dr. Rao.  Be aware that if any such actions by you result in damage to Dr. Rao, the law provides Dr. Rao with means for recovering damages from you.  If you have any questions about this matter, or have any facts that support your claims, please have your attorney contact me.

Most Sincerely,

Sven W. Hanson

EXHIBIT ___**B**___

September 21, 2007
(Ref. 0907.rao)

cc:
Professor Kenneth Holmstrom
Tomlab Optimization AB
Stohagsvägen 9
SE-724 60 Västerås
Sweden

**Matthew Peterson**

| | |
|---|---|
| **From:** | Sven W. Hanson [swhanson@bellsouth.net] |
| **Sent:** | Friday, February 01, 2008 6:07 PM |
| **To:** | Stuart Clark |
| **Subject:** | Re: Your Voicemail Message |

Mr. Clark-
I repeat, below, my prior email. Will try again Monday to phone.

Sven W. Hanson, Atty.
Patent, Trademark and Copyright Law
Gainesville, FL
352-375-0082


Mr. Clark-
I will try to reach you on Friday, but in the meanwhile I outline here what my client, Dr.
Rao, would like to propose to help resolve this matter.  Dr.Rao would like to give Dr.
Ross a copy of the GDOCS code for his own review.  Dr. Rao believes that once Dr. Ross has
a chance to compare the two works, he will have a better basis to judge for himself.  In
your letter of Nov 21, Dr. Ross suggested a third party review, and that is still
possible, but expensive and probably not necessary.

Dr. Rao suggests he delivers his code after Dr. Ross deposits his work, that he believes
is infringed, into a third party escrow, or the equal.

We can work out the details if Dr. Ross is generally agreeable.

I look forward to speaking with you.


Sven W. Hanson, Atty.
Patent, Trademark and Copyright Law
Gainesville, FL
352-375-0082

Friday, February 1, 2008, 4:26:26 PM, you wrote:

SC> Dear Mr. Hanson:
SC> Thank you for your Voicemail message.
SC> I did not receive any email from you.
SC> Sincerely, Stuart Clark

SC> Stuart C. Clark
SC> Partner
SC> Carr & Ferrell LLP
SC> 2200 Geng Road
SC> Palo Alto, CA 94303
SC> Phone: (650) 812-3415 (Direct)
SC> Fax: (650) 812-3444
SC> Email: clark@carrferrell.com
SC> Web site: www.carrferrell.com <http://www.carrferrell.com/>


SC> THE INFORMATION CONTAINED IN THIS COMMUNICATION IS INTENDED FOR THE USE
SC> OF THE ADDRESSEE AND MAY BE CONFIDENTIAL,  ATTORNEY-CLIENT PRIVILEGED,
SC> OR MAY CONSTITUTE INSIDE INFORMATION.  UNAUTHORIZED USE, DISCLOSURE OR
SC> COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.  IF YOU HAVE
SC> RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE IT AND
SC> CALL (650) 812-3415, OR E-MAIL THE SENDER (clark@carrferrell.com)
SC> IMMEDIATELY.  THANK YOU.


EXHIBIT ___C___

**Matthew Peterson**

| | |
|---|---|
| **From:** | Sven W. Hanson [swhanson@bellsouth.net] |
| **Sent:** | Friday, February 08, 2008 8:00 AM |
| **To:** | Stuart Clark |
| **Subject:** | Ross/Rao Software |

Mr. Clark-
Due to, at least, the difficulty in ensuring that a complete disclosure would indeed be
complete (software evolution is messy), we would like to limit Dr.Rao's disclosure to the
current version of his software. We believe that this will accomplish most of what both
parties need, and will give Dr.Ross a much better understanding of the facts of the case.

Have you any alternative suggestions on the structure of the deal, as far as escrowing the
software Dr.Ross believes infringed?

I look forward to hearing from you.  -Sven Hanson

Sven W. Hanson, Atty.
Patent, Trademark and Copyright Law
Gainesville, FL
352-375-0082
www.hansoniplaw.com

_____
This communication may include confidential and propietary information. If you are not the
intended recipient, do not copy, disclose or reveal this communication or its contents.
Immediately destroy all forms of the communication and contact the sender at 352-375-0082.

EXHIBIT __D__

**Matthew Peterson**

---

**From:** Stuart Clark
**Sent:** Monday, February 11, 2008 3:47 PM
**To:** 'Sven W. Hanson'
**Subject:** RE: Ross/Rao Software

**Attachments:** Stuart C. Clark.vcf



Stuart C.
Clark.vcf (4 KB)

Dear Mr. Hanson:

Thank you for your email.

While I appreciate your willingness to work out a resolution short of litigation, I do not believe that merely providing the current code will suffice for Dr. Ross' purposes. Given the length of time that Dr. Rao has been on notice of Dr. Ross' claim, and also given your involvement, I am assuming that we will not find any literal copying in the current version of GPOCS. The issue, therefore, is likely to be whether there has been copying of any non-literal expression. If so, we will need to look at the evolution of the software into its current form.

When the infringement action is filed against Tomlab, it will be possible to subpoena all versions of Dr. Rao's software, going back to his version of DIDO. Even if Dr. Rao attempts to challenge the subpoena, I am confident that the court will allow that discovery. Thus, if we will eventually get access to all iterations of the software through discovery, there is no reason to agree to limit inspection to the current version.

If Dr. Rao is willing to reconsider, and allow inspection of all versions of his software back to his version of DIDO, then I am sure that we can find a mutually agreed upon stakeholder (perhaps a local IP attorney) to retain a copy of the source code for Dr. Ross' current product to serve as a reference point if the content of that software ever becomes relevant in any future litigation.

Sincerely,

Stuart Clark


Stuart C. Clark
Partner
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303
Phone: (650) 812-3415 (Direct)
Fax: (650) 812-3444
Email: clark@carrferrell.com
Web site: www.carrferrell.com


THE INFORMATION CONTAINED IN THIS COMMUNICATION IS INTENDED FOR THE USE OF THE ADDRESSEE AND MAY BE CONFIDENTIAL, ATTORNEY-CLIENT PRIVILEGED, OR MAY CONSTITUTE INSIDE INFORMATION. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE IT AND CALL (650) 812-3415, OR E-MAIL THE SENDER (clark@carrferrell.com) IMMEDIATELY. THANK YOU.


-----Original Message-----
From: Sven W. Hanson [mailto:swhanson@bellsouth.net]



Sent: Friday, February 08, 2008 8:00 AM
To: Stuart Clark
Subject: Ross/Rao Software

Mr. Clark-
Due to, at least, the difficulty in ensuring that a complete disclosure would indeed be
complete (software evolution is messy), we would like to limit Dr.Rao's disclosure to the
current version of his software. We believe that this will accomplish most of what both
parties need, and will give Dr.Ross a much better understanding of the facts of the case.

Have you any alternative suggestions on the structure of the deal, as far as escrowing the
software Dr.Ross believes infringed?

I look forward to hearing from you.  -Sven Hanson

Sven W. Hanson, Atty.
Patent, Trademark and Copyright Law
Gainesville, FL
352-375-0082
www.hansoniplaw.com

_____
This communication may include confidential and propietary information. If you are not the
intended recipient, do not copy, disclose or reveal this communication or its contents.
Immediately destroy all forms of the communication and contact the sender at 352-375-0082.

**Matthew Peterson**

| | |
|---|---|
| **From:** | Stuart Clark |
| **Sent:** | Tuesday, February 19, 2008 2:49 PM |
| **To:** | Sven W. Hanson |
| **Subject:** | RE: Re[2]: Ross/Rao Software |

**Attachments:**     Stuart C. Clark.vcf



Stuart C.
Clark.vcf (4 KB)

                    Dear Mr. Hanson:
I do not intend to get into a debate with you by email, and will not do so.  I note merely
that if Dr. Rao was confident in his position that he has not infringed the copyright of
Dr. Ross' DIDO code there would be no reason for Dr. Rao not to voluntarily make the
evolving iterations of his software available for expert examination - which is exactly
what will inevitably happen eventually in response to a subpoena.
I shall await the outcome of the above-described discovery before commenting further.  My
election not to respond should of course not be construed as an admission of any aspect of
your email, and all of Dr. Ross' rights are fully reserved.
Sincerely, Stuart Clark


Stuart C. Clark
Partner
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303
Phone: (650) 812-3415 (Direct)
Fax: (650) 812-3444
Email: clark@carrferrell.com
Web site: www.carrferrell.com


THE INFORMATION CONTAINED IN THIS COMMUNICATION IS INTENDED FOR THE USE OF THE ADDRESSEE
AND MAY BE CONFIDENTIAL,  ATTORNEY-CLIENT PRIVILEGED, OR MAY CONSTITUTE INSIDE
INFORMATION.  UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE
UNLAWFUL.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE IT
AND CALL (650) 812-3415, OR E-MAIL THE SENDER (clark@carrferrell.com) IMMEDIATELY.  THANK
YOU.


-----Original Message-----
From: Sven W. Hanson [mailto:swhanson@bellsouth.net]
Sent: Tuesday, February 19, 2008 12:02 PM
To: Stuart Clark
Subject: Re[2]: Ross/Rao Software

Mr. Clark-
With the presumption of no literal infringement, Dr. Ross can have no good faith belief of
infringement. The evidence Dr. Ross has submitted in the past and relies on for the basis
for complaint does not suggest infringement.  This would be understood after any
reasonable inquiry into the general nature of this software and the structure of the
TomLabs software applications.  Dr. Rao's works are original and infringe no work of Dr.
Ross.  No doubt Dr. Ross may be upset that there are software products in the market that
compete with his. But competition does not equal infringement.  Dr. Ross's actions suggest
that he is uninterested in the issue of infringement, but is misusing the complaint to
remedy competition.

Dr. Rao would be willing to entertain a meaningful settlement proposal, but it would have
to include some element for establishing Dr. Ross's good faith interest in resolution.  If

EXHIBIT  F

you have a meaningful proposal, let me know.

Sven W. Hanson, Atty.
Patent, Trademark and Copyright Law
Gainesville, FL
352-375-0082

LAW OFFICE OF
# DEREK A. ELETICH
155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 • FACSIMILE (650) 429-2028
EMAIL  DEREKELETICH@EARTHLINK.NET

March 28, 2008

**Via Electronic Mail**

I. Michael Ross
56 Skyline Crest
Monterey, CA 93940

Re:    <u>Anil Rao v. I. Michael Ross</u>
        Northern District of California Case No. C 08 01596 BZ

Dear Mr. Ross:

I represent Dr. Anil Rao, plaintiff in the above-referenced action filed against you in the U.S. District Court for the Northern District of California.

California law requires you to immediately take appropriate measures to preserve any evidence related to the claims alleged against you by Dr. Rao in the Complaint filed in the above-referenced action.  This obligation includes preserving any electronic data, including all e-mails and instant messages, with third parties regarding your statements about Dr. Rao, his GPOCS software product and his professional conduct, and all hard copy documents regarding the same.  You must do this with respect to all personal and work e-mail accounts that you have. Dr. Rao can—and will—move for severe court-imposed sanctions if you fail to abide by your obligation to preserve relevant evidence.

This letter is without prejudice to any remedy or legal action by Dr. Rao.

All rights reserved.

Very truly yours,

/s/ Derek A. Eletich

DEREK A. ELETICH

EXHIBIT ___G___

LAW OFFICE OF

# DEREK A. ELETICH

155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 • FACSIMILE (650) 429-2028
EMAIL  DEREKELETICH@EARTHLINK.NET

March 31, 2008

**Via Electronic Mail**

I. Michael Ross
56 Skyline Crest
Monterey, CA 93940

Re:    Anil Rao v. I. Michael Ross
        Northern District of California Case No. C 08 01596 BZ

Dear Mr. Ross:

This letter is Plaintiff's attempt to meet and confer regarding the need for early discovery in this action.

Good cause exists for discovery before a Rule 26(f) conference in this action because the need for discovery here outweighs any possible prejudice to you. Plaintiff requires quick resolution of his claims alleged in this action. Plaintiff cannot—and will not—allow your false allegations regarding his professional work and his GPOCS software product to continue unabated. Accordingly, Plaintiff must immediately begin discovery in order to gather the evidence he needs to obtain a judicial determination on his claims as soon as possible. Finally, you will not be prejudiced by early discovery here, as all the discovery required to resolve this action can be quickly and easily obtained.

There is no reason to delay discovery and many reasons to immediately begin discovery in this action. Please let me know whether you will (a) participate in an immediate Rule 26(f) conference or (b) stipulate that discovery may begin immediately in this action pursuant to Rule 26(d).


EXHIBIT ___H

I. Michael Ross
March 31, 2008
Page 2

       Please let me know by 12:00 p.m. on April 1, 2008 whether you will agree to either of these options.

                      Very truly yours,

                      /s/ Derek A. Eletich

                      DEREK A. ELETICH



## CARR & FERRELL LLP
### ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NUMBER
(650) 812-3415

March 31, 2008

By Email and U. S. Mail

Derek A Eletich, Esq.
Attorney at Law
155 Forest Avenue
Palo Alto, CA 94301-1615

Dr. I. M. Ross/Dr. Anil Rao

Dear Mr. Eletich:

This letter responds to your letter this morning to my client Dr. I. M. Ross.

Your client Dr. Rao has been aware since I first wrote to his prior counsel (Sven Hanson, Esq.) on November 21, 2007 that I represent Dr. Ross. Since that time there have been a number of communications between me and Mr. Hanson, by letter, email and by telephone. Presumably these communications and/or notes thereof were among the papers that you received when you were retained in this case. Indeed, you have presumably been in contact with Mr. Hanson directly about this matter.

Given the foregoing, your writing to Dr. Ross directly violates California Rule of Professional Conduct 2-100, which prohibits communications with a party known to be represented by counsel.

Please ensure that you do not again violate Rule 2-100.

Sincerely,

Stuart C. Clark

cc.    Dr. I. M. Ross (by email)



LAW OFFICE OF

# DEREK A. ELETICH

155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 • FACSIMILE (650) 429-2028
EMAIL DEREKELETICH@EARTHLINK.NET

April 1, 2008

**Via Electronic Mail**

Stuart C. Clark
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

    Re:  <u>Anil Rao v. I. Michael Ross</u>
        Northern District of California Case No. C 08 01596 WHA

Dear Mr. Clark:

    Thank you for your March 31, 2008 letter, in which you informed me for the very first time that you represent Defendant in the above-referenced action.

    Given that Defendant refused to participate in an immediate Rule 26(f) conference or stipulate that discovery may begin immediately in this action pursuant to Rule 26(d), Plaintiff is forced to file a motion with the Court asking it to allow early discovery. Plaintiff intends to file that motion this week. It must be heard on shortened time so that Plaintiff may begin discovery in order to gather the evidence he needs to obtain a judicial determination on his claims as soon as possible. Will Defendant agree to shortened time such that the Court may hear Plaintiff's motion at 8:00 a.m. on April 10, 2008?

    Please let me know by 12:00 p.m. tomorrow. Otherwise, Plaintiff intends to file an application for an order shortening time for his motion to be heard on April 10, 2008.

    Very truly yours,

    /s/ Derek A. Eletich

    DEREK A. ELETICH

EXHIBIT __J__



# CARR & FERRELL LLP
## ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NUMBER
    (650) 812-3415

April 2, 2008

<u>By Email and U. S. Mail</u>

Derek A. Eletich, Esq.
Law Office of Derek A. Eletich
155 Forest Avenue
Palo Alto, CA  94301-1615
derekeletich@earthlink.net

<u>Dr. I. M. Ross/Dr. Anil Rao</u>

Dear Mr. Eletich:

    This letter responds to your letter of April 1, 2008.

    That you were apparently unaware of the fact that I have been representing Dr. Ross for months, and that I have had a number of communications with your client's prior counsel, speaks volumes as to the inadequacy of your due diligence in taking on this case.  Given that circumstance, and assuming from your letter that you are unaware of my November 21, 2007 letter to your client's prior counsel, enclosed is a copy of that letter.  You will note that among other things it puts Dr. Rao on notice to preserve evidence – a warning that I hope and expect that he has heeded.

    Your letter falsely states that my client has "refused to participate in an immediate Rule 26(f) conference or stipulate that discovery begin immediately."  That you would make this false statement is troubling.

    Also troubling is that you have seen fit to make a demand on me to agree within less than 24 hours to your bringing an ill-conceived and unnecessary motion for early discovery.  I have a feeling that whatever judge any such motion comes before will be less than impressed with your tactic, and with your apparent unwillingness to meet and confer in good faith, rather than by ultimatum.

    Once Dr. Ross has been properly served, I will be happy to talk to you about commencing discovery early.  I will expect you to tell me, however, what discovery is so urgently needed that the timelines of the local rules should be waived.  Especially given your client's inaction for months, and his unwillingness to work with Dr. Ross in resolving the issues presented by the action, your haste appears unseemly, and objectively unreasonable under the circumstances.

2200 GENG ROAD, PALO ALTO, CALIFORNIA 94303
TELEPHONE (650) 812-3400, FACSIMILE (650) 812-3444
CarrFerrell.com


EXHIBIT ___K___

Derek A. Eletich, Esq.
April 2, 2008
Page Two

I also want to talk to you about limited early discovery from Dr. Rao. In particular, I want to ensure that the source code for the original DIDO program, and its later iterations through DTOP to GPOCS is preserved, and promptly produced to an appropriate expert for safekeeping and evaluation. I assume that you will enter into a protective order in the form used in the Northern District court. Please let me know as soon as possible if you will so stipulate. But be assured that even if you don't respond within less than 24 hours, I will not run off to court with an expedited motion for such an order. You may have a reasonable time to respond.

Please note that if you file any of the motions threatened in your letter without first adequately completing the meet and confer process, I will seek sanctions against your client and against you personally.

Sincerely,

Stuart C. Clark

LAW OFFICE OF

# DEREK A. ELETICH

155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 • FACSIMILE (650) 429-2028
EMAIL  DEREKELETICH@EARTHLINK.NET

April 2, 2008

**<u>Via Electronic Mail</u>**

Stuart C. Clark
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

        Re:    <u>Anil Rao v. I. Michael Ross</u>
                    Northern District of California Case No. C 08 01596 WHA

Dear Mr. Clark:

        This letter responds to your April 2, 2008 letter to me.

        My April 1, 2008 letter to you stated "[t]hank you for your March 31, 2008 letter, in which you informed me for the very first time that you represent Defendant in the above-referenced action."  Neither you nor anyone else had informed me prior to your March 31, 2008 letter that you and your firm were going to represent Ross in the above-referenced action.  Your letter ignores this fact, and implies that I should have assumed something or other regarding who was going to represent Ross in the action filed by Rao.

        Be rest assured that we have diligently investigated this case.  In fact, our investigation reveals that Ross' claims have no factual or legal basis, and that you will most likely face sanctions pursuant to Rule 11 for filing the meritless action against Tomlab Optimization AB and that Ross will end up paying Rao's attorneys' fees and costs once his action against Ross is concluded.

        There is no dispute that Ross refused to "(a) participate in an immediate Rule 26(f) conference or (b) stipulate that discovery may begin immediately in this action pursuant to Rule 26(d)" by the 12:00 p.m. deadline on April 1, 2008 as required by my March 31, 2008 letter to him.



Stuart C. Clark
April 2, 2008
Page 2

My March 31, 2008 letter to Ross was an attempt to meet and confer regarding the need for early discovery and specifically listed why early discovery was necessary. Indeed, the very first sentence in that letter states, "[t]his letter is Plaintiff's attempt to meet and confer regarding the need for early discovery in this action." That letter goes on to state:

"Good cause exists for discovery before a Rule 26(f) conference in this action because the need for discovery here outweighs any possible prejudice to you. Plaintiff requires quick resolution of his claims alleged in this action. Plaintiff cannot—and will not—allow your false allegations regarding his professional work and his GPOCS software product to continue unabated. Accordingly, Plaintiff must immediately begin discovery in order to gather the evidence he needs to obtain a judicial determination on his claims as soon as possible. Finally, you will not be prejudiced by early discovery here, as all the discovery required to resolve this action can be quickly and easily obtained."

Neither you nor your client responded in any manner to that letter and the analysis contained therein. I then sent you my April 1, 2008 letter asking you to stipulate to an order shortening time. You ignored that letter as well.

Ross was properly served on March 28, 2008, and a copy of the proof of service was filed with the Court yesterday.

Please e-mail me a proposed stipulated protective order for me to review.

You have no grounds for sanctions against me or my client. I sent Ross a meet and confer letter and gave him a deadline by which to respond. No response was forthcoming. Accordingly, we will serve you with a copy of our application for an order shortening time and a motion for early discovery tomorrow.

Very truly yours,

/s/ Derek A. Eletich

DEREK A. ELETICH

# CARR & FERRELL LLP
### ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NUMBER
(650) 812-3415

April 3, 2008

<u>By Email Only</u>

Derek A. Eletich, Esq.
Law Office of Derek A. Eletich
155 Forest Avenue
Palo Alto, CA  94301-1615
derekeletich@earthlink.net

David E. Newhouse, Esq.
Newhouse & Associates
477 9th Avenue, Suite 112
San Mateo, CA 94402
den@attycubed.com

<u>Toss v. Tomlab/Rao v. Ross</u>

Dear Counsel:

It is apparent that since the primary issue for adjudication in both of the above actions is whether or not the GPOCS product infringes Dr. Ross' copyright, the actions are related within the definition in Local Rule 3-12.  Based on his Voicemail message yesterday, I understand that Mr. Newhouse agrees that this is the case.

Local Rule 3-12(b) requires that whenever a party knows or learns that an action is related, a motion must be promptly filed.  Under Local Rule 7-11(a) that motion is required to be accompanied by a stipulation or an explanation why a stipulation could not be obtained.

In light of the foregoing, I attach a draft of a proposed stipulation for your review and comments.  If you have any suggested changes to the draft, please let me know.

Especially given Mr. Eletich's threat to file an expedited motion before Judge Alsup today, a motion or stipulation under Rule 3-12 needs to be filed without delay, so that judicial resources are not wasted.  Accordingly, I ask that you kindly sign and return the attached stipulation as soon as possible, or else advise me immediately if you are unwilling to sign.

Unless I have a fully executed stipulation in my hands by noon, I will simply file a motion under Rule 3-12.



Derek A. Eletich, Esq.
David E. Newhouse, Esq.
April 3, 2008
Page Two

Sincerely,

Stuart C. Clark

LAW OFFICE OF
# DEREK A. ELETICH
155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 • FACSIMILE (650) 429-2028
EMAIL  DEREKELETICH@EARTHLINK.NET

April 1, 2008

**Via Electronic Mail**

Tomlab Optimization AB
Attn:   Kenneth Holmstrom
Attn:   Marcus Edvall
Stohagsvägen 9
SE-724 60 Västerås
SWEDEN
VAT SE-556279-0831

Re:     <u>Notice of Immediate Termination of License For The Supply Of Software</u>

Dear Mr. Holmstrom and Mr. Edvall:

Dr. Anil Rao hereby immediately terminates the June 30, 2007 License for the Supply of Software (the "Agreement") with Tomlab Optimization AB ("Tomlab"). Dr. Rao terminates the Agreement pursuant to Section 9.1(b) of the Agreement, which provides that Dr. Rao "may terminate this Agreement and the Licenses granted hereunder with immediate effect if . . . [t]he Licensee enters receivership, administration, liquidation or otherwise causes or threatens to cease to trade." The requirements of Section 9.1(b) were satisfied when Mr. Holmstrom informed Dr. Rao by e-mail on March 3, 2008 that Tomlab Optimization AB is ceasing operations and "retiring."

Section 9.4 of the Agreement requires Tomlab to immediately "cease to use, modify, adapt, reproduce or supply the Software to any Customers," and deliver to Dr. Rao all copies of the GPOCS Software (including all documents evidencing the GPOCS code) in Tomlab's possession or under its control. To the extent that delivery of all copies of the GPOCS Software in Tomlab's possession or under its control is rendered impossible because they exist in electronic form, Tomlab must irretrievably and irrevocably destroy those electronic copies which remain after all copies of the GPOCS Software have been successfully delivered to Dr. Rao. Tomlab has until 12:00 p.m. Pacific Standard Tim on April 3, 2008 to comply with Section 9.4 and provide Dr. Rao with a signed certification that Tomlab has done so.



Tomlab Optimization AB
April 1, 2008
Page 2

Providing a copy of any portion of any version of the GPOCS software, or any documents evidencing any portion of any version of the GPOCS code, to any third party without the "express written permission" of Dr. Rao would be a material breach of Sections 1 and 2 of the Agreement. Should Dr. Rao incur any *losses or expenses of any kind or nature* as a result of Tomlab's (or any of its employee's) breach of the Agreement in any fashion, Dr. Rao will aggressively seek judicial recompense from Tomlab for all such damages, which may include (among others) diminution of product value, lost profits, lost wages, indemnification for settlement and/or damages paid to others, attorneys' fees and costs, and punitive damages.

This letter is without prejudice to any remedy or legal action by Dr. Rao.

All rights reserved.

Very truly yours,

/s/ Derek A. Eletich

DEREK A. ELETICH