DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
kymberleigh@eletichlaw.com
LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
Palo Alto, CA 94301
Telephone:   (650) 543-5477
Facsimile:    (650) 429-2028

Attorneys for Plaintiff
ANIL RAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANIL RAO,<br><br>        Plaintiff,<br><br>v.<br><br>I. MICHAEL ROSS,<br><br>        Defendant. | Case No. C-08-01596-MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:   June 9, 2008<br>Time:  2:00 p.m.<br>Courtroom 15, 18th Floor<br><br>Hon. Marilyn Hall Patel |

## I. INTRODUCTION

Defendant's Motion for Attorney's Fees and Costs ("Motion") fails to provide any analysis or evidence supporting his assertion that he is a prevailing party for purposes of an award of attorney's fees in this action. Defendant's Motion also fails to meet his burden of proving by a preponderance of the evidence that Plaintiff's attorney violated 28 U.S.C. §1927. For these reasons, Plaintiff respectfully requests that the Court should deny Defendant's Motion in its entirety.

## II. FACTUAL BACKGROUND

On February 21, 2008, Defendant filed a Complaint for Copyright Infringement and Unfair Competition (the "First Complaint") against Tomlab A.B. ("Tomlab"), a Swedish corporation that Plaintiff had entered into a License for the Supply of Software (the "License") with on May 17, 2007 to distribute Plaintiff's GPOCS software product. *See* Declaration of Derek A. Eletich in Opposition to Defendant's Motion for Attorney's Fees and Costs ("Eletich Decl."), ¶ 2, Exh. A. Plaintiff's attorney believes that Defendant filed the First Complaint against Tomlab, but not Plaintiff, in an attempt to interfere with the contractual relationship between Tomlab and Plaintiff, and to intimidate Tomlab into ceasing sales of Plaintiff's GPOC's software products. *Id.* at ¶ 2.

After receiving and reviewing the First Complaint, it became clear to Plaintiff's attorney that Defendant was attempting to interfere with Plaintiff's contractual relationship with Tomlab by suing Tomlab and not suing Plaintiff. Eletich Decl., ¶ 3. Accordingly, Plaintiff's attorney began discussing with Tomlab how best to preserve the contractual relationship between Plaintiff and Tomlab. *Id.* Those discussions occurred by e-mail and telephone between Plaintiff's attorney and Marcus Edvall ("Edvall") of Tomlab and later, Tomlab's attorney, David E. Newhouse, Esq. ("Newhouse"). *Id.*

Plaintiff's attorney decided to file a separate Complaint for Declaratory Relief, Libel Per Se and Slander Per Se (the "Second Complaint") against Defendant in order to force Defendant to litigate his claims against Plaintiff only, and the Second Complaint was filed on

March 24, 2008.  Eletich Decl., ¶ 4, Exh. B.

On April 1, 2008, after Tomlab had locked Plaintiff out of Tomlab's web site for Plaintiff's GPOCS software product and Edvall threatened to turn over the source code for Plaintiff's GPOCS software product to Defendant, Plaintiff terminated the License.  Eletich Decl., ¶ 5, Exh. C.  On April 14, 2008, Plaintiff's attorney spoke to Newhouse, who informed Plaintiff's attorney that Newhouse had tentatively reached a settlement with Defendant and that he was awaiting a proposed settlement agreement from Stuart C. Clark, Esq. ("Clark"), Defendant's attorney.  *Id.* at ¶ 8.  Since Plaintiff had terminated his License with Tomlab and because Newhouse had indicated that Tomlab was awaiting a proposed settlement agreement from Defendant, there did not seem to be any further need for the Second Complaint.  *Id.* at ¶ 9.

Plaintiff's attorney filed a Notice of Voluntary Dismissal dismissing the Second Complaint without prejudice on April 16, 2008.  Eletich Decl., ¶ 10, Exh. G.  The Court ordered the Second Complaint dismissed on April 17, 2008.  *Id.* at ¶ 10, Exh. H.

Plaintiff did not file the Second Complaint to intimidate Defendant or for any other improper reason.  Eletich Decl., ¶ 11.  Plaintiff did not delay dismissing the Second Complaint to ensure that Defendant incurred the maximum possible amount of wasted legal resources.  *Id.*  In fact, Plaintiff's goal in dismissing the Second Complaint was to save the parties the costs of further litigation with the hope that Defendant would settle his action with Tomlab and finally be done with his dispute with Plaintiff over the GPOCS code.  *Id.*  Plaintiff did not file and dismiss the Second Complaint to inflict a substantial burden of legal expense on Defendant.  *Id.*

Defendant filed his Motion on April 29, 2008.  Eletich Decl., ¶ 12.  On May 9, 2008, Defendant then filed a Second Amended Complaint for Copyright Infringement and Declaratory Relief on Plaintiff's Libel Per Se and Slander Per Se (the "Third Complaint") against Plaintiff in Defendant's action against Tomlab.  *Id.* at ¶ 13, Exh. I.  Plaintiff has not yet been served with a copy of the Third Complaint.  *Id.* at ¶ 13.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. C-08-01596-MHP

### III. DEFENDANT IS NOT A PREVAILING PARTY

To be a prevailing party for the purposes of an FRCivP 54(d) attorney's fees award, a party must have succeeded on some significant issue in the litigation. *See Buckhannon Board & Care Home, Inc. v. West Virginia Dept of Health & Human Resources*, 532 U.S. 598, 603 (2001) (holding that prevailing party, to whom court may award reasonable attorney fees under fee-shifting statutes, is one who has been awarded some relief by court.). In *Carbonell v. Immigration and Naturalization Service*, 429 F.3d 894, 898 (9th Cir.2005), the Ninth Circuit applied *Buckhannon* to determine whether a party is a prevailing party for purposes of an attorney's fee award:

> The first question that must be resolved, therefore, is whether Carbonell is a "prevailing party." In *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court clarified who constitutes a prevailing party for the purpose of awarding attorney's fees. According to *Buckhannon*, a litigant must meet two criteria to qualify as a prevailing party. First, he must achieve a "material alteration of the legal relationship of the parties." Second, that alteration must be "judicially sanctioned." Id. at 604-05, 121 S.Ct. 1835; *Labotest, Inc. v. Bonta*, 297 F.3d 892, 895 (9th Cir.2002) ( "[T]he *Buckhannon* Court announced that recovery of attorney's fees requires a 'court-ordered change in the legal relationship between' the parties, in which the legal change that the plaintiff claims to have caused is 'judicially sanctioned.' " (internal alterations omitted)); see also *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir.2004) ( "[E]ssentially, in order to be considered a 'prevailing party' after *Buckhannon*, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." (internal quotations and citations omitted)). Finally, in *Chambers v. Time Warner, Inc,*. 279 F.Supp.2d 362, 365 and fn.4 (S.D.N.Y. 2003) (holding that the *Buckhannon* interpretation of "prevailing party" applies to other Federal statutes, including 17 USC 505 [Copyright] actions, and that to "be considered a prevailing party, there must be a 'judicially sanctioned change in the legal relationship of the parties.'").

In *Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, 2007 WL 489365 at *2-3 (E.D. Cal. Dec. 20, 2007), the District Court also cited *Buckhannon,* and affirmed that in the Ninth Circuit, "a [party] 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties...," and that "attorney's fees may be

4

properly denied where the [party's] success on a legal claim can be characterized as purely technical or de minimis . . . judgments [which] confer no rights on the party."

Defendant provides no evidence that there has been a material alteration of his legal relationship with Plaintiff or that such an alteration has been judicially sanctioned. In any event, there has been no material alteration of the legal relationship between the parties because Plaintiff, as was his absolute right, voluntarily dismissed the Second Complaint prior to Defendant filing his response. No determination was made on the merits of Plaintiff's claims, and Defendant achieved nothing in this action. Indeed, "[t]he effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) 'is to leave the parties as though no action had been brought.'" *Duke Energy Trading and Marketing, L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir.2001) (quoting *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir.1999)).

Additionally, Defendant has now filed the Third Complaint in Defendant's action against Tomlab. Eletich Decl., ¶ 13. Defendant would not have filed the Third Complaint against Plaintiff alleging copyright infringement and seeking declaratory relief on the slander and libel claims in the Second Complaint if he had obtained relief on the merits of those claims in this action. Accordingly, Defendant is not a prevailing party here, and is not entitled to either his attorney's fees or costs.

Defendant does cite Schwarzer, et al., *Federal Civil Procedure Before Trial* § 16.391.6 (TRG 2008) ("TRG") for the proposition that a "voluntary dismissal of an action creates a presumption in favor of a costs award to the defendant." Motion at 6:3-6. TRG cites to one case in support of this proposition, *Cantrell v. International Broth. Of Elec. Workers, AFL-CIO, Local 2021* 69 3d 456, 458 (10th Cir.1995). However, both this TRG section and the presumption cited in *Cantrell* concern awards of **costs** not **attorney's fees**. Indeed, even the TRG section cited, 16:396.1, is actually a subsection under a broader section called "Liability for

5

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. C-08-01596-MHP

Costs" within the TRG chapter on voluntary dismissals. See TRG § 16:391.5  Therefore, neither the TRG section cited nor the case cited therein support an award of attorney's fees here.[1]

Defendant also cites *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) and *Susan Wakeen Doll Co. v. Ashton Drake Galeries*, 272 F.3d 441, 457 (3rd Cir.2001). See Motion at 6:6-11; 11-14.  Both cases discussed an award of attorney's fees under FRCivP 54(d) to a prevailing party, and simply do not apply because Defendant is not a prevailing party under *Buckhannon* and its progeny.

Defendant has no evidence or analysis to support his assertion that he is the prevailing party for purposes of an award of attorney's fees under FRCivP 54(d).  Also, the authorities he cites are inapplicable because they relate to awards of costs <u>not</u> attorney's fees. Accordingly, Defendant's request for prevailing party attorney's fees should be denied.

### IV.   PLAINTIFF'S ATTORNEY DID NOT VIOLATE 28 U.S.C. § 1927

Defendant also seeks attorney's fees from Plaintiff's attorney for his alleged violations of 28 U.S.C. § 1927. See Motion at 1-2:27-3; 2:16-19; 2:23-24; 7:23; 9:10-13, 16-19.[2] Defendant seeks the excess fees incurred by him in connection with his Related Case Motion, preparation of his answer and counterclaim and a stipulated protective order.[3]  *Id.* at 1-2:27-3; 2:16-19; 9:10-13.  Sanctions pursuant to 28 U.S.C. § 1927 must be supported by a finding of subjective bad faith.  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F3d 1112, 1118 (9th Cir. 2000).  For the following reasons, Defendant is not entitled to an award of excess attorney's fees pursuant to 28 U.S.C. § 1927:

---

[1] Defendant makes no claim for costs (despite the title of his motion) only his attorney's fees. See Motion, 1:21-23; 1:26-27; 2:21-22; 6:3-9; 9:15-16.

[2] Defendant also seeks fees from Plaintiff pursuant to 28 U.S.C. § 1927. See Motion at 2:23-24; 9:19-20. However, 28 U.S.C. § 1927 sanctions can only be awarded against a party's attorney not the party. *FTC v. Alaska Land Leasing, Inc.*, 799 F2d 507, 510 (9th Cir.1986).

[3] Defendant makes much of Plaintiff's attorney alleged violation of Rule 2-100 of the California Rule's of Professional Responsibility. See Motion at 3:14-19; 4:14-15; 9:3-7. Plaintiff's attorney denies he violated this ethical rule, and, in any event, violation of ethical rules governing attorney conduct does not by itself support an award of sanctions under 28 U.S.C. § 1927. See *Bender v. Freed*, 436 F3d 747, 751 (7th Cir.2006).

6

### A.  Defendant's Related Case Motion

Failing to file a Related Case Motion is not the type of unreasonable or vexatious actions contemplated by 28 U.S.C. § 1927. Plaintiff's attorney did not immediately file a Related Case Motion because he was considering whether the cases were, in fact, related under Civil L.R. 3-12. There is no time limit to file such a motion, and Plaintiff's attorney was evaluating the need to do so. On April 3, 2008, Stuart C. Clark, Esq. ("Clark"), Defendant's attorney, e-mailed Plaintiff's attorney a letter at 8:41 a.m. demanding that he stipulate that Plaintiff's action against Defendant and Defendant's action against Tomlab were related. Eletich Decl., ¶ 6, Exhs. D and E. Clark gave the parties until noon to so stipulate. *Id.* at ¶ 6. However, Plaintiff's attorney was still considering whether the cases were, in fact, related under Civil L.R. 3-12, and Plaintiff's attorney decided not to stipulate to Defendant's request to relate the cases in order to preserve Plaintiff's right to oppose any related case motion filed by Defendant under Civil L.R. 3-12(e). *Id.* at ¶ 6. Plaintiff's attorney decided not to stipulate to Defendant's request to relate the cases in order to preserve his right to oppose the Related Case Motion as provided by Civil L.R. 3-12(e). *Id.* at ¶ 6. Finally, attorneys refusing to stipulate to opposing attorney's requests happens every day in this judicial district. Certainly, Defendant cannot be claiming that failure to stipulate to an opposing attorney's request is sanctionable conduct.

### B.  Defendant's Preparation Of Answer And Counterclaim

Defendant claims wasted time and money because of the fact Clark had to prepare an answer and counterclaim to respond to the Second Complaint. *See* Motion at 5:12-20; 7:4-10; 8:22-28; 9:2-7. However, Defendant's preparation of an answer and counterclaim was not a wasted effort. Defendant has now filed the Third Complaint, which asserts the same factual and legal arguments that would have been in his answer and counterclaims. *See* Eletich Decl., ¶ 13, Exh. I. Thus, there were no excess attorney's fees incurred in connection with the preparation of Defendant's answer and counterclaims, which was certainly the basis for the Third Complaint. Moreover, Plaintiff's attorney has explained the decision to voluntarily dismiss the Second Complaint, and denied that the decision to do so was improperly motivated to harm Defendant or

7

1  cause him to waste legal resources. *Id.* at ¶¶ 9, 11. Accordingly, there is no subjective evidence
2  that Plaintiff's attorney acted in bad faith in dismissing the Second Complaint.

### C. Defendant's Preparation Of Stipulated Protective Order

On April 4, 2008, Newhouse e-mailed Plaintiff's attorney and Clark a copy of a proposed Stipulated Protective Order. Eletich Decl., ¶ 7, Exh. F. Defendant's attorney claims that he drafted an additional Stipulated Protective Order on April 16, 2008. *See* Declaration of Stuart Clark in Support of Defendant's Motion for Attorney's Fees and Costs, ¶¶12, 13and 15 at page 5, line 6. However, Defendant fails to explain why there was a need for an additional Stipulated Protective Order given that Newhouse had already prepared one for the parties' use. Moreover, Plaintiff's attorney has never received any proposed Stipulated Protective Order from Clark. Eletich Decl., ¶ 6. Finally, Defendant's attorney did not waste his efforts in preparing an additional Stipulated Protective Order because he can submit it to Plaintiff's attorney for consideration in connection with the Third Complaint Defendant has now filed against Plaintiff.

\* \* \*

Defendant has failed to meet its burden of proving by a preponderance of the evidence that Plaintiff's attorney subjectively acted in bad faith in this now dismissed action, and Plaintiff respectfully requests that the Court deny Defendant's request for sanctions pursuant to 28 U.S.C. § 1927.[4]

---

[4] Defendant's request for sanctions should also be denied because it violates Civil L.R. 7-3(a), which requires that motions for sanctions be separately filed. Here, Defendant's sanctions request was filed together with his request for attorney's fees.

8

### V. CONCLUSION

Defendant is not the prevailing party for purposes of an attorney's fees award in this action, and Plaintiff's attorney did not engage in any sanctionable conduct here. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

Dated:  May 18, 2008				LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
DEREK A. ELETICH

Attorney for Plaintiff
ANIL RAO

9

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. C-08-01596-MHP