1  DEREK A. ELETICH, CAL. BAR NO. 193393
   derek@eletichlaw.com
2  KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
   kymberleigh@eletichlaw.com
3  LAW OFFICE OF DEREK A. ELETICH
   155 Forest Avenue
4  Palo Alto, CA  94301
   Telephone:    (650) 543-5477
5  Facsimile:    (650) 429-2028

6  Attorneys for Plaintiff
   ANIL RAO

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  San Francisco Division

11  ANIL RAO,                    )    Case No. C-08-01596-MHP
                                 )
12              Plaintiff,       )    **DECLARATION OF DEREK A.**
                                 )    **ELETICH IN OPPOSITION TO**
13      v.                       )    **DEFENDANT'S MOTION FOR**
                                 )    **ATTORNEY'S FEES AND COSTS**
14  I. MICHAEL ROSS,             )
                                 )
15              Defendant.       )    Date:   June 9, 2008
                                 )    Time:   2:00 p.m.
16                               )    Courtroom 15, 18th Floor
                                 )
17  _____ )    Hon. Marilyn Hall Patel

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF DEREK A. ELETICH IN OPPOSITION TO DEFENDANT'S MOTION FOR
ATTORNEY'S FEES AND COSTS
Case No. C-08-01596-MHP

1    I, Derek A. Eletich, declare as follows:

2        1.    I am an attorney duly admitted to practice before this Court, and am one of

3    the attorneys for Plaintiff.  I make this declaration in support of Plaintiff's Opposition to

4    Defendant's Motion for Attorney's Fees and Costs ("Motion").  I have personal knowledge of

5    the facts set forth below and, if called as a witness, I could and would testify competently

6    thereto.

7        2.    On February 21, 2008, Defendant filed a Complaint for Copyright

8    Infringement and Unfair Competition (the "First Complaint") against Tomlab A.B. ("Tomlab"),

9    a Swedish corporation that Plaintiff had entered into a License for the Supply of Software (the

10   "License") with on May 17, 2007 to distribute Plaintiff's GPOCS software product.  A true and

11   correct copy of the First Complaint is attached hereto as Exhibit A.  I believe that Defendant

12   filed the First Complaint against Tomlab but not Plaintiff in an attempt to interfere with the

13   contractual relationship between Tomlab and Plaintiff, and to intimidate Tomlab into ceasing

14   sales of Plaintiff's GPOC's software products.

15       3.    After receiving and reviewing the First Complaint, it became clear to me

16   that Defendant was attempting to interfere with Plaintiff's contractual relationship with Tomlab

17   by suing Tomlab and not suing Plaintiff.  Accordingly, I began discussing with Tomlab how best

18   to preserve the contractual relationship between Plaintiff and Tomlab.  Those discussions

19   occurred by e-mail and telephone between myself and Marcus Edvall ("Edvall") of Tomlab, and

20   later Tomlab's attorney, David E. Newhouse, Esq. ("Newhouse").

21       4.    I decided to file a separate Complaint for Declaratory Relief, Libel Per Se

22   and Slander Per Se (the "Second Complaint") against Defendant in order to force Defendant to

23   press litigate is claims against Plaintiff only, and I filed the Second Complaint on March 24,

24   2008.  A true and correct copy of the Second Complaint is attached hereto as Exhibit B.

25       5.    On April 1, 2008, after Tomlab had locked Plaintiff out of Tomlab's web

26   site for Plaintiff's GPOCS software product and Edvall threatened to turn over the source code

27   for Plaintiff's GPOCS software product to Defendant, Plaintiff terminated the License.  A true

28

2

1    and correct copy of my April 1, 2008 letter to Edvall terminating the License is attached hereto

2    as Exhibit C.

3              6.       On April 3, 2008, Stuart C. Clark, Esq. ("Clark"), Defendant's attorney, e-

4    mailed me a letter at 8:41 a.m. demanding that I stipulate that Plaintiff's action against

5    Defendant and Defendant's action against Tomlab were related.  A true and correct copy of

6    Clark's e-mail to me is attached hereto as Exhibit D, and a true and correct copy the letter

7    attached to that e-mail is attached hereto as Exhibit E.  Clark gave the parties until noon to so

8    stipulate.  I was still considering whether the cases were, in fact, related under Civil L.R. 3-12,

9    and I decided not to stipulate to Defendant's request to relate the cases in order to preserve

10   Plaintiff's right to oppose any related case motion filed by Defendant under Civil L.R. 3-12(e).

11             7.       On April 4, 2008, Newhouse e-mailed me and Clark a copy of a proposed

12   Stipulated Protective Order.  A true and correct copy of that e-mail is attached hereto as Exhibit

13   F.  I have never received any proposed Stipulated Protective Order from Clark.

14             8.       On April 14, 2008, I spoke to Newhouse, who informed me that he had

15   tentatively reached a settlement with Defendant, and that he was awaiting a proposed settlement

16   agreement from Clark.

17             9.       Since Plaintiff had terminated his License with Tomlab and because

18   Newhouse had indicated that Tomlab was awaiting a proposed settlement agreement from

19   Defendant, there did not seem to be any further need for the Second Complaint.

20             10.      I filed a Notice of Voluntary Dismissal dismissing the Second Complaint

21   without prejudice on April 16, 2008.  A true and correct copy of the Notice of Voluntary

22   Dismissal I filed is attached hereto as Exhibit G.  The Court ordered the Second Complaint

23   dismissed on April 17, 2008.  A true and correct copy of the Court's order is attached hereto as

24   Exhibit H.

25             11.      Plaintiff did not file the Second Complaint to intimidate Defendant or for

26   any other improper reason.  Plaintiff did not delay dismissing the Second Complaint to ensure

27   that Defendant incurred the maximum possible amount of wasted legal resources.  In fact,

28

3

1    Plaintiff's goal in dismissing the Second Complaint was to save the parties the costs of further

2    litigation with the hope that Defendant would settle his action with Tomlab and finally be done

3    with his dispute with Plaintiff over his GPOCS code. I did not file and dismiss the Second

4    Complaint to inflict a substantial burden of legal expense on Defendant.

5              12.    Defendant filed his Motion on April 29, 2008 without his attorney ever

6    contacting me to discuss Defendant's requests therein.

7              13.    On May 9, 2008, Defendant filed a Second Amended Complaint for

8    Copyright Infringement and Declaratory Relief on Plaintiff's Libel Per Se and Slander Per Se

9    (the "Third Complaint") against Plaintiff in Defendant's action against Tomlab. A true and

10   correct copy of the Third Complaint is attached hereto as Exhibit I. Plaintiff has not yet been

11   served with a copy of the Third Complaint.

12             I declare under penalty of perjury under the laws of the United States of America

13   that the foregoing is true and correct.

14             Executed on May 18, 2008, at Palo Alto, California.

15                                            /s/ Derek A. Eletich

16                                            _____
                                             DEREK A. ELETICH

17

18

19

20

21

22

23

24

25

26

27

28

4



1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone:  (650) 812-3400
5  Facsimile:   (650) 812-3444

6  Attorneys for plaintiff
   I. MICHAEL ROSS

7

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  I. MICHAEL ROSS,                CASE NO. C08  01052  MEJ

                Plaintiff,
12                                  COMPLAINT FOR
                                    COPYRIGHT INFRINGEMENT
13       v.                         AND UNFAIR COMPETITION

14  TOMLAB OPTIMIZATION AB
    and DOES 1 through 20,
15
                Defendant.
16

17                    **INTRODUCTION**

18       1.      Plaintiff I. Michael Ross ("Ross") seeks by this action for copyright infringement to

19  recover compensatory damages and infringement profits, and punitive or otherwise enhanced

20  damages, together with injunctive relief and other appropriate relief, from defendant Tomlab

21  Optimization AB ("TomLab").  Ross also seeks injunctive relief on his claim for unfair

22  competition.  The grounds for the action are that TomLab is distributing and has in the past

23  distributed software products that include copyrighted content owned by Ross.  Notwithstanding

24  demand, TomLab has failed and/or refused to cease its infringing conduct, thereby necessitating

25  these proceedings.

26                     **JURISDICTION**

27       2.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C.

28  section 501.  This court has jurisdiction under 28 U.S.C. section 1338(a).

**VENUE**

3.    Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and (d), in that a substantial part of the events giving rise to the claim occurred in this district, and TomLab is an alien.  The events upon which venue is based include, but are not limited to, the sale by TomLab of at least one copy of the infringing product in this district, namely in Monterey County.

**INTRADISTRICT ASSIGNMENT**

4.    For the purposes of Civil Local Rule 3-2(c) and (d), this action is required to be assigned to the San Jose Division of this District, by virtue of the facts alleged in paragraph 3, above.

**PARTIES**

5.    Plaintiff I. Michael Ross is an individual residing in Monterey County, California.

6.    Defendant Tomlab Optimization AB is, according to information and belief, a corporation incorporated in Sweden which has its principal place of business in the United States in the State of Washington.

**GENERAL ALLEGATIONS**

7.    During or about 2001, Ross authored a software program which he named DIDO. This software program was and is capable of being used to solve optimal control problems, and has wide application in branches of engineering that involve automation, for example for use in autonomously flying a spacecraft.

8.    On February 4, 2008 Ross obtained U.S. Copyright Registration No. TXu 1-571-354 for the DIDO software program, and a copy of the registration certificate is attached as Exhibit "A."

9.    On information and belief, non party Anil Rao ("Rao") obtained access to the DIDO software program, without the knowledge or consent of Ross, and copied part or all of the DIDO software program.  Rao thereupon commenced distributing that copied version of the software under the DIDO name.  Like the original Ross program named DIDO, Rao's derivative version of DIDO was and is also capable of use to solve optimal control problems.

10.    On information and belief:

(a)    Rao subsequently developed a software program under the name of DTOP; and,

Complaint for Copyright Infringement and Unfair Competition

(b)    Rao incorporated copied code and/or expression from Ross' original DIDO program in DTOP; and,

(c)    Rao thereafter developed yet another software program under the name of GPOCS; and,

(d)    Rao also incorporated copied code and/or expression from Ross' original DIDO program in GPOCS; and,

(e)    DTOP and GPOCS are also capable of use in solving optimal control problems.

11.    TomLab is a distributor on behalf of Rao of the GPOCS software program.  That program is, among other things, advertised for sale on TomLab's website http://tomopt.com as "TomLab/GPOCS."

12.    TomLab has, among other things, sold the GPOCS software program in this district, including but not limited to at least one sale in the County of Monterey.

**FIRST CAUSE OF ACTION**
(Copyright Infringement)

13.    Ross realleges and incorporates by reference paragraphs 1 though 12, above.

14.    Ross invested substantial time, skill and resources into the writing of the DIDO software program, to which Ross owns exclusive rights.  That program embodies original expression which constitutes copyrightable subject matter protectable under the Federal Copyright Act.

15.    Since GPOCS incorporates, on information and belief, actual code and/or non-literal expression copied and/or derived from the original Ross DIDO program, TomLab's conduct in selling GPOCS constitutes the infringement by TomLab of exclusive rights of Ross in the original DIDO program which are protected by section 106 of the Copyright Act.  Such infringed exclusive rights include the right to reproduce the copyrighted work and the right to prepare derivative works based on the copyrighted work and the right to distribute the copyrighted work.

16.    As a consequence of TomLab's conduct, Ross has already suffered damages and other irreparable injury, and he will continue to do so unless TomLab is enjoined.  Ross is accordingly entitled to monetary damages and the forfeiture of TomLab's infringer's profits, or

1   alternatively to statutory damages.  Ross is also entitled to injunctive relief.

2       17.    Notwithstanding demand, TomLab has failed and/or refused to cease and desist from

3   selling GPOCS.  On information and belief, TomLab has also failed and/or refused to conduct any

4   reasonable investigation to determine whether or not GPOCS infringes the exclusive copyright

5   rights of Ross, and TomLab has continued to sell GPOCS with reckless disregard for whether or

6   not GPOCS infringes Ross' copyright.

7       18.    By virtue of the circumstances described in the preceding paragraph, TomLab's

8   infringement is willful, and Ross is entitled to punitive damages in an amount according to proof,

9   or alternatively to enhanced statutory damages.

10      WHEREFORE Ross prays for judgment as set out in the Prayer, below.

11
                        **<u>SECOND CAUSE OF ACTION</u>**
12                      (Unfair Business Practices – B&PC 17200)

13      19.    Ross realleges and incorporates by reference paragraphs 1 though 18, above.

14      20.    Prior to on or about August, 2007 Tomlab was the distributor of Ross' DIDO

15   product.  During or about August, 2007, TomLab ceased distributing the DIDO software product.

16   Shortly prior to ceasing to distribute the DIDO software, Tomlab had commenced distributing the

17   GPOCS software product.

18      21.    The GPOCS software product competes in the marketplace with the DIDO software

19   product, which Ross now distributes and sells other than through TomLab.

20      22.    By virtue of the facts alleged in the preceding paragraph and in paragraphs 14

21   through 18, above, TomLab is using a product that infringes Ross' copyright to compete with Ross'

22   DIDO software product.  In so doing TomLab has caused injury and damage to Ross, including lost

23   revenues and profits.

24      23.    TomLab's conduct described in the preceding paragraph is unlawful and/or unfair

25   and/or fraudulent under section 17200 et seq. of the Business and Professions Code, and Ross is

26   therefore entitled to relief under that statute.

27      24.    Unless enjoined, TomLab will continue to cause injury and damage to Ross by

28   distributing and/or selling the GPOCS software product.

1    WHEREFORE, Ross prays for judgment as set out in the Prayer, below.

2                                              **PRAYER**

3    WHEREFORE, Ross prays for judgment as follows:

4    1.    On the First Cause of Action for Copyright Infringement, for compensatory damages

5          according to proof, and any infringer's profits of TomLab attributable to the

6          infringement;

7    2.    On the First Cause of Action for Copyright Infringement, for punitive damages

8          according to proof;

9    3.    Alternatively to (1) and (2), above, for statutory damages, including enhanced

10         damages under 17 U.S.C. section 504(c)(2) based on TomLab's willful conduct;

11   4.    On the First and Second Causes of Action for Copyright Infringement and Unfair

12         Competition, for a permanent injunction;

13   5.    For costs and attorney's fees under 17 U.S.C. section 505; and

14   6.    For such further or alternative relief as may be appropriate.

15

16   Dated:  February 20, 2008                    CARR & FERRELL *LLP*

17

18                                      By: _____

19                                          STUART C. CLARK
                                            CHRISTINE S. WATSON
20                                          Attorneys for plaintiff I. MICHAEL ROSS

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

3          Plaintiff I. Michael Ross hereby demands a jury trial of all issues in the above-captioned

4     action which are triable to a jury.

5

6     Dated:  February 20, 2008                              CARR & FERRELL *LLP*

7

8                                                      By: _____

9                                                           STUART C. CLARK
                                                           CHRISTINE S. WATSON

10                                                          Attorneys for plaintiff I. MICHAEL ROSS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TXu 1-571-354**

**Effective date of registration:**

February 4, 2008

## Title

Title of Work: DIDO

## Completion/Publication

Year of Completion: 2001

## Author

■ Author: Isaac Michael Ross
Author Created: Computer program

Work made for hire: No
Domiciled in: United States
Anonymous: No                          Pseudonymous: No

■ Author: Fariba Fahroo
Author Created: Computer program

Work made for hire: No
Domiciled in: United States
Anonymous: No                          Pseudonymous: No

## Copyright claimant

Copyright Claimant: Isaac Michael Ross
56 Skyline Crest, Monterey, CA, 93940

Transfer Statement: By written agreement

## Limitation of copyright claim

Material excluded from this claim: The work is not based on and does not incorporate any preexisting work, except that snippets of computer program code by William Gragg are incorporated

Previously registered: No

EXHIBIT _____ A

Page 1 of 2

IPN#:

Registration #:    TXU001571354

Service Request #:  1-41750867

Carr & Ferrell LLP
Jefferson F. Scher
2200 Geng Road
Palo Alto, CA 94303

℀ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ANIL RAO

## DEFENDANTS

I. MICHAEL ROSS

**(b)** County of Residence of First Listed Plaintiff Alachua
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Monterey County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Derek A. Eletich
155 Forest Avenue
Palo Alto, CA 94301-161
(650) 543-5477

Attorneys (If Known)

**C08  01596 BZ**

E-FILING

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1   Original Proceeding | ☐ 2   Removed from State Court | ☐ 3   Remanded from Appellate Court | ☐ 4   Reinstated or Reopened | ☐ 5   another district (specify) | ☐ 6   Multidistrict Litigation | ☐ 7   Appeal to District Judge from Magistrate Judgment |

Transferred from

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2201
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      **DEMAND $** Declaratory Relief      CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".   C 08 01502 MHP

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)        ☐ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
March 24, 2008

SIGNATURE OF ATTORNEY OF RECORD

1 | DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
2 | KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
kymberleigh@eletichlaw.com
3 | LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
4 | Palo Alto, CA  94301
Telephone:    (650) 543-5477
5 | Facsimile:     (650) 429-2028

6 | Attorneys for Plaintiff
ANIL RAO
7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | ANIL RAO,                                    Case No. C08 01596 BZ

12 |                     Plaintiff,               **COMPLAINT FOR DECLARATORY RELIEF, LIBEL PER SE AND SLANDER PER SE**

13 |           v.

14 | I. MICHAEL ROSS,                             **DEMAND FOR JURY TRIAL**

15 |                     Defendant.

16 |

17 | Plaintiff ANIL RAO ("Rao") for his Complaint alleges as follows:

18 | 1. This is an action for declaratory judgment and attorneys' fees. This is also

19 | an action for libel per se and slander per se. By this action, Rao seeks, *inter alia*, to eliminate

20 | any doubt that his GPOCS software program does not infringe on any copyright or other

21 | intellectual property rights owned by Defendant I. MICHAEL ROSS' ("Ross'"") including, but

22 | not limited to, any copyright to the DIDO software program allegedly owned by Ross.

23 | **JURISDICTION AND VENUE**

24 | 2. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201

25 | and the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction over

26 | the claims asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

27 |

28 |

1          3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

2 and 28 U.S.C. § 1400(a), in that Ross resides in this judicial district in Monterey County,

3 California.

4                        **INTRADISTRICT ASSIGNMENT**

5          4.     Pursuant to Civil L.R. 3-2(c) and the Court's Assignment Plan, because

6 this action is an Intellectual Property Action, it is properly assigned to any of the divisions in the

7 Court.

8                                  **PARTIES**

9          5.     Rao is an individual residing in the Florida.

10          6.     Ross is an individual residing in Monterey County, California.

11                       **FACTUAL ALLEGATIONS**

12          7.     Rao and Ross both worked at the Charles Stark Draper Laboratory, Inc.

13 ("Draper"). While working at Draper, Ross wrote software code entitled DIDO. DIDO is a

14 MATLAB application package for dynamic optimization. On information and belief, when Ross

15 left Draper in or about July 2001, a copy of the source code to the DIDO software remained with

16 Draper.

17          8.     Sometime around Thanksgiving 2001, Rao asked Timothy Brand

18 ("Brand"), a Draper Division Leader, whether Draper had a copy of the DIDO source code and

19 who owned the source code. Brand responded that Draper owned the source code because

20 Draper had paid for it. With that understanding, Rao asked Brand if Rao could get a copy of the

21 DIDO source code so that Rao could modify it because Rao was having trouble using the

22 executable copy he was given by Draper. Brand gave Rao permission to modify the DIDO

23 code, and told Rao that he would have Tom Thorvaldsen ("Thorvaldsen") get a copy of the code

24 to Rao.

25          9.     Upon receiving the DIDO source code from Thorvaldsen, Rao made only

26 one substantive change to the DIDO source code. Rao never made any additional changes to the

27 DIDO source code and did not use or view the DIDO source code after January 2002, when he

28 made his only modification to the DIDO source code.

2

1             10.    In August 2003 Ross publicly accused Rao of plagiarism at the AIAA

2 Guidance Navigation and Control Conference in Austin, Texas, where at least forty people had

3 gathered for the presentation of Rao's paper titled "Extension of a Pseudospectral Legendre

4 Method to Non-Sequential Multi-Phase Optimal Control Problems," (the "2003 Accused

5 Paper"). During his accusation, Ross claimed instead that the contents of the 2003 Accused

6 Paper "was identical to a paper [Ross] had written a year earlier." Rao denied the allegation,

7 which Ross made repeatedly in front of the forty or more witnesses while jumping up and down

8 and screaming.

9             11.    Rao left Draper at the end of June 2006 and went to work for the

10 University of Florida.

11             12.    During the latter half of 2006 and early 2007, Rao developed a formal

12 reusable software program in MATLAB that solves dynamic optimization problems. He named

13 this software GPOCS. The mathematical methodology used in GPOCS is based on the extensive

14 open literature work co-authored by Rao, and is fundamentally different from that used in DIDO.

15 Moreover, on information and belief, the algorithmic structure and overall procedure used in

16 GPOCS is fundamentally different from that used in DIDO. Rao has never seen any version of

17 the DIDO source code other than that which he had access to through Draper, and Rao did not

18 knowingly make use of any recollection he may have of the DIDO source code in preparation for

19 or during the process of writing the GPOCS code. Rao has not looked at any other version of the

20 DIDO source code in preparation for or during the process of writing of GPOCS. Rao certainly

21 never copied any part of any version of the DIDO source code for use in GPOCS.

22             13.    Rao and Tomlab Optimization AB ("Tomlab"), a Swedish Corporation,

23 entered into a License for the Supply of Software for GPOCS on May 17, 2007. GPOCS has

24 been distributed through Tomlab since June 2007.

25             14.    On or about July 3, 2007, Rao received two phone calls: one from Dr. Tim

26 Anderson ("Anderson"), the Dean of Engineering Research at the University of Florida, and the

27 other from Dr. Thomas Walsh ("Walsh"), the Dean of Sponsored Research at the University of

28 Florida, informing Rao the he had been accused in a June 22, 2007 e-mail and letter dated June

3

1    25, 2007 of academic misconduct by Ross in connection with the 2003 Accused Paper. Walsh
2    then forwarded Rao a voluminous .pdf file sent by Ross containing his various allegations. Rao
3    was asked to respond to the allegations in writing, which he did on or about July 6, 2007. After
4    Rao provided his written response, Ross' allegations and Rao's response were distributed to a
5    panel of three senior faculty members for review in order to determine if any plagiarism had
6    occurred.

7           15.     On or about July 19, 2007, Ross sent a second accusation of plagiarism to
8    the University of Florida, in which he claimed the GPOCS manual had been plagiarized from his
9    DIDO manual and suggested that the GPOCS software was not original. On July 20, 2007, Rao
10    responded to the new allegations in writing. Ross' new allegations and Rao's new response were
11    consolidated with Ross' original allegations and Rao's original response already being reviewed
12    by the three faculty member panel.

13           16.     On or around August 2, 2007, Ross e-mailed Tomlab and alleged that
14    Tomlab's distribution of Rao's GPOCS software was illegal.

15           17.     Also in August 2007, Ross and Rao both attended the Astrodynamics
16    Specialist Conference in Mackinac Island, Michigan. At that conference, Ross told other
17    attendees that Rao's GPOCS code was a copy of Ross's DIDO code. On the morning of August
18    21, 2007, at a conference session attended by both Rao and Ross, U.S. Air Force Major Timothy
19    Jorris (a Ph.D. student at the time at the U.S. Air Force Institute of Technology), made a
20    presentation where his results were obtained using the GPOCS software. The next presenter was
21    U.S. Air Force Caption Kevin Bollino, one of Ross' Ph.D. students. Caption Bollino began his
22    presentation with the comment that the results obtained by the previous presenter had been
23    obtained using a software program called GPOCS that is "probably a copy of DIDO." On
24    information and belief, Captain Bollino made this statement on behalf of and at the behest of
25    Ross.

26           18.     Rao is informed and believed that on August 21, 2007, while still at the
27    Astrodynamics Specialist Conference in Mackinac Island, Michigan, Ross approached David
28    Geller ("Geller"), Rao's colleague from Utah State University, and told Geller that "[he had]

4

1  finally nailed [Rao], and that [Rao] had 'done something wrong and [that he was] going to make
2  him pay for it.'"

3      19.    Ultimately, the University of Florida panel investigating Ross' allegations
4  (1) found no evidence of plagiarism with regard to the 2003 Accused Paper; (2) ruled that the
5  similarities between the DIDO and GPOCS source codes had to be expected from two programs
6  serving similar functions; and (3) ruled that Ross' allegations were petty and frivolous. Both
7  Rao and Ross were informed of these findings on or about August 22, 2007.

8      20.    On or around August 29, 2007, Ross nonetheless contacted Tomlab again
9  and provided what he called "Prima Facie Evidence" on the alleged similarities between the
10 DIDO code and the GPOCS code in an attempt to dissuade Tomlab from continuing to distribute
11 the GPOCS code.

12     21.    As of September 19, 2007, Ross was still communicating with Tomlab,
13 and trying to get them to stop distributing the GPOCS software on the basis of Ross's allegations
14 of copyright infringement and his allegations of plagiarism and other professional misconduct.

15     22.    On or about November 21, 2007, Ross's attorney sent Tomlab a "cease
16 and desist" letter, requesting that Tomlab preserve all evidence of the content of the GPOCS
17 code and putting Tomlab "formally on notice that by distributing what Dr. Ross believes to be
18 the copyright-infringing GPOCS software, Tomlab has rendered and continues to render itself
19 liable for direct copyright infringement and/or contributory copyright infringement."

20     23.    Rao is informed and believes that on or around February 19, 2008, Ross
21 impersonated Rao in an on-line posting on Wikipedia in an attempt to damage Rao's professional
22 reputation and compromise Rao's ability to legally defend his GPOCS code by making it appear
23 as if Rao had admitted on the Internet that the method used in the GPOCS code was based on
24 Ross's work.

25                **FIRST CLAIM FOR RELIEF**
26              **(Declaratory Judgment – 17 U.S.C. § 501)**

27     24.    Rao realleges and incorporates by reference the allegations of paragraphs
28 1 through 23, inclusive, as though fully set forth.

5

1        25.    Because of Ross' actions and threats described above, Rao has a

2 reasonable and strong apprehension that he will soon be faced with a copyright infringement suit

3 brought by Ross. Accordingly, an actual controversy has arisen and exists between Rao and

4 Ross within the meaning of 28 U.S.C. § 2201.

5        26.    Rao contends that his GPOCS software program was independently

6 created.

7        27.    Rao contends that he does not infringe any copyright owned by Ross or

8 allegedly owned by Ross relating to DIDO.

9        28.    Rao seeks a declaration that GPOCS does not infringe any copyright held

10 by Ross or allegedly owned by Ross relating to DIDO so that there will be no controversy

11 clouding Rao's right to continue distributing GPOCS or ancillary products.

12 **SECOND CLAIM FOR RELIEF**

13 **(Libel Per Se)**

14      29.    Rao realleges and incorporates by reference the allegations of paragraphs

15 1 through 28, inclusive, as though fully set forth.

16      30.    As described above, Ross has repeatedly published accusations that Rao has

17 committed improper acts including, but not limited to, plagiarism and theft by sending e-mails and

18 letters to other people.

19      31.    These statements were false as it pertains to Rao.

20      32.    These statement were libelous on their face. These statements clearly expose

21 Rao to hatred, contempt, ridicule and obloquy because they charge Rao with committing a crime and

22 acting in an improper manner.

23      33.    As described above, these statements were published to various persons.

24      34.    As a result of the above-described statements, Rao has suffered general

25 damages to his reputation.

26      35.    As a further and proximate result of the above-described statements, Rao has

27 suffered special damages in an amount to be determined at trial.

28      36.    The above-described statements were published by Ross with malice and

6

1 | oppression in that he knew them to be false and published them to injure Rao, and thus an award of
2 | exemplary and punitive damages is justified.

3 | **THIRD CLAIM FOR RELIEF**

4 | **(Slander Per Se)**

5 |       37.    Rao realleges and incorporates by reference the allegations of paragraphs
6 | 1 through 36, inclusive, as though fully set forth.

7 |       38.    As described above, Ross has repeatedly accused Rao of improper acts
8 | including, but not limited to, plagiarism and theft by stating this to other people.

9 |       39.    As described above, Ross' statements were heard by many different persons.

10 |       40.    These words were slanderous per se because they charge Rao with crimes.

11 |       41.    The words uttered by Ross were false.

12 |       42.    The words carried a defamatory meaning because they conveyed to other
13 | persons who heard them that Rao had committed a crime.

14 |       43.    As a result of the above-described words, Rao has suffered general damages
15 | to his reputation.

16 |       44.    As a further and proximate result of the above-described words, Rao has
17 | suffered special damages in an amount to be determined at trial.

18 |       45.    The above-described words were spoken by Ross with malice and oppression
19 | in that he knew them to be false and said them to injure Rao, and thus an award of exemplary and
20 | punitive damages is justified.

21 | **PRAYER FOR RELIEF**

22 |       WHEREFORE, Rao pray for judgment against Ross follows:

23 |       (a)    That Rao's GPOCS program does not infringe any copyrights owned by
24 | Ross and/or allegedly owned by Ross related to DIDO;

25 |       (b)    Injunctive relief restraining Ross, his agents, licensees, servants,
26 | employees, successors, assigns and all others in concert and privity with them from bringing any
27 | lawsuit or threat against Rao or any person or entity for copyright infringement in connection
28 | with the development, marketing or distribution of GPOCS or GPOCS related software products;

7

1          (c)     An award of costs, expenses and attorneys' fee incurred by Rao herein

2  pursuant to 17 U.S.C. § 505;

3          (d)     For general damages according to proof;

4          (e)     For special damages according to proof;

5          (f)     For exemplary and punitive damages;

6          (g)     For interest on the foregoing as allowed by law; and

7          (h)     Such other and further relief as the Court deems proper and just.

8  Dated:  March 24, 2008             LAW OFFICE OF DEREK A. ELETICH

9

10                   By:

11                     DEREK A. ELETICH

12                   Attorney for Plaintiff
                     ANIL RAO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1    **DEMAND FOR JURY TRIAL**

2         Plaintiff ANIL RAO hereby demands trial by jury of all issues triable by right of

3    jury.

4    Dated: March 24, 2008                    LAW OFFICE OF DEREK A. ELETICH

5

6                                        By: _____

7                                             DEREK A. ELETICH

8                                             Attorney for Plaintiff
                                              ANIL RAO
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              9

COMPLAINT FOR DECLARATORY RELIEF, LIBEL PER SE AND SLANDER PER SE

LAW OFFICE OF

# DEREK A. ELETICH

155 FOREST AVENUE
PALO ALTO, CALIFORNIA 94301-1615
TELEPHONE (650) 543-5477 • FACSIMILE (650) 429-2028
EMAIL  DEREKELETICH@EARTHLINK.NET

April 1, 2008

**Via Electronic Mail**

Tomlab Optimization AB
Attn:   Kenneth Holmstrom
Attn:   Marcus Edvall
Stohagsvägen 9
SE-724 60 Västerås
SWEDEN
VAT SE-556279-0831

Re:    Notice of Immediate Termination of License For The Supply Of Software

Dear Mr. Holmstrom and Mr. Edvall:

Dr. Anil Rao hereby immediately terminates the June 30, 2007 License for the
Supply of Software (the "Agreement") with Tomlab Optimization AB ("Tomlab").  Dr. Rao
terminates the Agreement pursuant to Section 9.1(b) of the Agreement, which provides that Dr.
Rao "may terminate this Agreement and the Licenses granted hereunder with immediate effect if
. . . [t]he Licensee enters receivership, administration, liquidation or otherwise causes or
threatens to cease to trade."  The requirements of Section 9.1(b) were satisfied when Mr.
Holmstrom informed Dr. Rao by e-mail on March 3, 2008 that Tomlab Optimization AB is
ceasing operations and "retiring."

Section 9.4 of the Agreement requires Tomlab to immediately "cease to use,
modify, adapt, reproduce or supply the Software to any Customers," and deliver to Dr. Rao all
copies of the GPOCS Software (including all documents evidencing the GPOCS code) in
Tomlab's possession or under its control.  To the extent that delivery of all copies of the GPOCS
Software in Tomlab's possession or under its control is rendered impossible because they exist in
electronic form, Tomlab must irretrievably and irrevocably destroy those electronic copies which
remain after all copies of the GPOCS Software have been successfully delivered to Dr. Rao.
Tomlab has until 12:00 p.m. Pacific Standard Tim on April 3, 2008 to comply with Section 9.4
and provide Dr. Rao with a signed certification that Tomlab has done so.

Tomlab Optimization AB
April 1, 2008
Page 2

Providing a copy of any portion of any version of the GPOCS software, or any documents evidencing any portion of any version of the GPOCS code, to any third party without the "express written permission" of Dr. Rao would be a material breach of Sections 1 and 2 of the Agreement.  Should Dr. Rao incur any *losses or expenses of any kind or nature* as a result of Tomlab's (or any of its employee's) breach of the Agreement in any fashion, Dr. Rao will aggressively seek judicial recompense from Tomlab for all such damages, which may include (among others) diminution of product value, lost profits, lost wages, indemnification for settlement and/or damages paid to others, attorneys' fees and costs, and punitive damages.

This letter is without prejudice to any remedy or legal action by Dr. Rao.

All rights reserved.

Very truly yours,

/s/ Derek A. Eletich

DEREK A. ELETICH

**From:**                     Stuart Clark
[clark@carrferrell.com]
**Sent:**                     Thursday, April 03, 2008
8:41 AM
**To:**                       den@attycubed.com;
derekeletich@earthlink.com
**Cc:**                       Christine Watson
**Subject:**                  Ross v. Tomlab; Rao v.
Ross
**Attachments:**              Stuart C. Clark.vcf; Ltr
Opp Counsel - Related Cases (00301467).PDF;
Stip - Related Cases (00301466).PDF

Dear Counsel:

Especially given Mr. Eletich's apparent plans to file a motion today in Rao v. Ross, we need to immediately have the court address the related case issue.  Accordingly, attached are a letter from me with my comments on the situation, and a draft of a proposed stipulation.

Given that time is of the essence, please sign and return the stipulation immediately, or else let me know promptly if you are unwilling to do so.

Sincerely,

Stuart Clark

Stuart C. Clark
Partner
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303
Phone: (650) 812-3415 (Direct)
Fax: (650) 812-3444
Email: clark@carrferrell.com
Web site: www.carrferrell.com

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS INTENDED FOR THE USE OF THE ADDRESSEE AND MAY BE CONFIDENTIAL,  ATTORNEY-CLIENT PRIVILEGED, OR MAY CONSTITUTE INSIDE INFORMATION.  UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE IT AND CALL (650) 812-3415, OR E-MAIL THE SENDER (clark@carrferrell.com) IMMEDIATELY.  THANK YOU.



CARR & FERRELL LLP

ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NUMBER
(650) 812-3415

April 3, 2008

<u>By Email Only</u>

Derek A. Eletich, Esq.
Law Office of Derek A. Eletich
155 Forest Avenue
Palo Alto, CA  94301-1615
derekeletich@earthlink.net

David E. Newhouse, Esq.
Newhouse & Associates
477 9th Avenue, Suite 112
San Mateo, CA 94402
den@attycubed.com

<u>Toss v. Tomlab/Rao v. Ross</u>

Dear Counsel:

It is apparent that since the primary issue for adjudication in both of the above actions is whether or not the GPOCS product infringes Dr. Ross' copyright, the actions are related within the definition in Local Rule 3-12.  Based on his Voicemail message yesterday, I understand that Mr. Newhouse agrees that this is the case.

Local Rule 3-12(b) requires that whenever a party knows or learns that an action is related, a motion must be promptly filed.  Under Local Rule 7-11(a) that motion is required to be accompanied by a stipulation or an explanation why a stipulation could not be obtained.

In light of the foregoing, I attach a draft of a proposed stipulation for your review and comments.  If you have any suggested changes to the draft, please let me know.

Especially given Mr. Eletich's threat to file an expedited motion before Judge Alsup today, a motion or stipulation under Rule 3-12 needs to be filed without delay, so that judicial resources are not wasted.  Accordingly, I ask that you kindly sign and return the attached stipulation as soon as possible, or else advise me immediately if you are unwilling to sign.

Unless I have a fully executed stipulation in my hands by noon, I will simply file a motion under Rule 3-12.

Derek A. Eletich, Esq.
David E. Newhouse, Esq.
April 3, 2008
Page Two


Sincerely,

Stuart C. Clark

From: David E. Newhouse, Esq. [den@attycubed.com]
Sent: Friday, April 04, 2008 4:58 PM
To:   Stuart Clark; derek@eletichlaw.com
Subject:    Draft Stipulation for Proposed Protective Order
Attachments:      Proposed protective Order.doc; ATT00039.txt

Gentlemen:

        You are both anxious to get on with discovery, and initial disclosures are
the first phase.
Lets get a protective order in place now to avoid wasting time arguing about  it
later.

        The initial disclosures should include:

        1.) The respective source code files for the DIDO software program as
registered, and the
accused GPOCS software program as distributed both of which are expressed in
large and
complex electronically stored file architectures; and

        2.) The documents and records compiled by the individual parties,
submitted to and
received from the  University of Florida Academic Panel inquiry relative to
Ross' plagiarism
claims and Rao's successful rebuttal;

        3.) Data and records reflecting distribution of the  GPOCS program object
code to users
by all of the parties and associated contracts between the parties; and

        4.) Documents and records evidencing title and rights to the creative
expression and any
trade secrets embodied in copyrights to the respective software works at issue
in these
proceedings since 2001.


Herewith a MS Word draft of a Stipulation for and Proposed Protective Order that
proved
efficacious in  recent litigation.

Please advise:

DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
kymberleigh@eletichlaw.com
LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
Palo Alto, CA  94301
Telephone:     (650) 543-5477
Facsimile:     (650) 429-2028

Attorneys for Plaintiff
ANIL RAO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

|  |  |
|---|---|
| ANIL RAO, | Case No. C-08-01596-MHP |
| Plaintiff, | **NOTICE OF VOLUNTARY DISMISSAL** |
| v. | |
| I. MICHAEL ROSS, | |
| Defendant. | |

NOTICE IS HEREBY GIVEN that pursuant to Fed.R.Civ.Pro. 41(a), Plaintiff

ANIL RAO voluntarily dismisses the above-captioned action without prejudice.

Dated:  April 16, 2008          LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
        DEREK A. ELETICH

Attorney for Plaintiff
ANIL RAO

DEREK A. ELETICH, CAL. BAR NO. 193393
derek@eletichlaw.com
KYMBERLEIGH N. KORPUS, CAL. BAR NO. 217459
kymberleigh@eletichlaw.com
LAW OFFICE OF DEREK A. ELETICH
155 Forest Avenue
Palo Alto, CA  94301
Telephone:     (650) 543-5477
Facsimile:     (650) 429-2028

Attorneys for Plaintiff
ANIL RAO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANIL RAO, | Case No. C-08-01596-MHP |
| Plaintiff, | **NOTICE OF VOLUNTARY DISMISSAL** |
| v. | |
| I. MICHAEL ROSS, | |
| Defendant. | |

NOTICE IS HEREBY GIVEN that pursuant to Fed.R.Civ.Pro. 41(a), Plaintiff

ANIL RAO voluntarily dismisses the above-captioned action without prejudice.

Dated: April 16, 2008                        LAW OFFICE OF DEREK A. ELETICH

/s/ Derek A. Eletich

By:_____
       DEREK A. ELETICH

Attorney for Plaintiff
ANIL RAO

4/17/2008

IT IS SO ORDERED

Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | STUART C. CLARK (SBN 124152)
clark@carrferrell.com
2 | CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
3 | CARR & FERRELL *LLP*
2200 Geng Road
4 | Palo Alto, California 94303
Telephone: (650) 812-3400
5 | Facsimile:   (650) 812-3444

6 | Attorneys for Plaintiff
I. MICHAEL ROSS

7

8 |                    UNITED STATES DISTRICT COURT

9 |                  NORTHERN DISTRICT OF CALIFORNIA

10 |                     SAN FRANCISCO DIVISION

11

12 | I. MICHAEL ROSS,                          CASE NO. C08-01052 MHP

13 |            Plaintiff,
                                          **SECOND AMENDED**
14 |       v.                               **COMPLAINT FOR**
                                          **COPYRIGHT INFRINGEMENT**
15 | TOMLAB OPTIMIZATION AB,               **AND DECLARATORY**
    TOMLAB OPTIMIZATION, INC.,            **JUDGMENT**
16 | and ANIL RAO,

17 |            Defendants.

18

19 |                         **INTRODUCTION**

20 |       1.      Plaintiff I. Michael Ross ("Ross") seeks by this action for copyright infringement to

21 | recover compensatory damages and infringement profits, and punitive or otherwise enhanced

22 | damages, together with injunctive relief and other appropriate relief, from defendants Tomlab

23 | Optimization AB ("Tomlab Sweden"), Tomlab Optimization, Inc. ("Tomlab USA"), and Anil Rao

24 | ("Rao").  The grounds for the action are that Tomlab Sweden and Tomlab USA (hereinafter jointly

25 | referred to as the "Tomlab Defendants") distributed software products that include copyrighted

26 | content owned by Ross, and that Rao has made infringing copies of, and is distributing and has in

27 | the past distributed, software products that include copyrighted content owned by Ross.  Despite

28 | demand, the Tomlab defendants have failed and/or refused to compensate Ross for their past

1   infringement of his copyright, and Rao has failed and/or refused to cease his infringing conduct,

2   thereby necessitating these proceedings.

3          Ross also seeks a declaratory judgment that defamation claims that Rao recently filed

4   against him are without merit.

### JURISDICTION

6          2.     This is an action for copyright infringement under the Copyright Act, 17 U.S.C.

7   section 501, and for a declaratory judgment.  This court has jurisdiction under 28 U.S.C. sections

8   1338(a), 1367(a), and 2201(a).

### VENUE

10         3.     Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and (d), in that a

11  substantial part of the events giving rise to the claim occurred in this district, and Tomlab Sweden

12  is an alien.  The events upon which venue is based include, but are not limited to, the sale by the

13  Tomlab Defendants and Rao of at least one copy of the infringing product in this district, namely in

14  Monterey County.

### INTRADISTRICT ASSIGNMENT

16         4.     Since this is an intellectual property action for the purposes of Civil Local Rule 3-

17  2(c), it may be assigned to any Division of this District.

### PARTIES

19         5.     Plaintiff I. Michael Ross is an individual residing in Monterey County, California.

20         6.     Defendant Tomlab Optimization AB is, according to information and belief, a

21  corporation incorporated in Sweden which has its principal place of business in the United States in

22  the State of Washington.

23         7.     Defendant Tomlab Optimization, Inc. is, according to information and belief, a

24  corporation incorporated in Delaware which has its principal place of business in the United States

25  in the State of Washington.

26         8.     Defendant Anil Rao is an individual who lives and works in Florida, and who

27  distributes and sells the GPOCS software program that is at issue in this action throughout the

28  United States, including but not limited to distribution in Monterey County.

**GENERAL ALLEGATIONS**

9.     During or about 2001, Ross authored a software program which he named DIDO. This software program was and is capable of being used to solve optimal control problems, and has wide application in branches of engineering that involve automation, for example for use in autonomously flying a spacecraft.

10.     On February 4, 2008 Ross obtained U.S. Copyright Registration No. TXu 1-571-354 for the DIDO software program, and a copy of the registration certificate is attached as Exhibit "A."

11.     On information and belief, Rao obtained access to the DIDO software program, without the knowledge or consent of Ross, and copied part or all of the DIDO software program into a copied version of a software program.  Rao thereupon commenced distributing that copied version of the software, also under the DIDO name.  Like the original Ross program named DIDO, Rao's derivative version of DIDO was and is also capable of use to solve optimal control problems.

12.     On information and belief:

        (a)     Rao subsequently developed a software program under the name of DTOP;

        (b)     Rao incorporated copied code and/or expression from Ross' original DIDO program into DTOP;

        (c)     Rao thereafter developed yet another software program called GOPT;

        (d)     Rao also incorporated copied code and/or expressions from Ross' original DIDO program into GOPT;

        (e)     Rao subsequently developed yet another software program under the name of GPOCS;

        (f)     Rao also incorporated copied code and/or expression from Ross' original DIDO program in GPOCS; and,

        (g)     DTOP, GOPT and GPOCS are also capable of use in solving optimal control problems.

13.     The Tomlab Defendants were until recently the distributors on behalf of Rao of the

1   GPOCS software program.  That program was, among other things, advertised for sale on the

2   Tomlab Defendants' website http://tomopt.com as "Tomlab/GPOCS."

3       14.     The Tomlab Defendants have, among other things, sold the GPOCS software

4   program in this district, including but not limited to at least one sale in the County of Monterey.

### FIRST CAUSE OF ACTION
(Copyright Infringement – Tomlab Defendants)

7       15.     Ross realleges and incorporates by reference paragraphs 1 though 14, above.

8       16.     Ross invested substantial time, skill and resources into the writing of the DIDO

9   software program, to which Ross owns exclusive rights.  That program embodies original

10  expression which constitutes copyrightable subject matter protectable under the Federal Copyright

11  Act.

12      17.     Since GPOCS incorporates, on information and belief, actual code and/or non-literal

13  expression copied and/or derived from the original Ross DIDO program, the Tomlab Defendants'

14  conduct in selling GPOCS constituted the infringement by the Tomlab Defendants of exclusive

15  rights of Ross in the original DIDO program which are protected by section 106 of the Copyright

16  Act.  Such infringed exclusive rights include the right to reproduce the copyrighted work, and the

17  right to prepare derivative works based on the copyrighted work, and the right to distribute the

18  copyrighted work.

19      18.     As a consequence of the Tomlab Defendants' conduct, Ross suffered damages

20  during the time that those defendants were distributing GPOCS.  Ross is accordingly entitled to

21  monetary damages and the forfeiture of the Tomlab Defendants' infringer's profits, or alternatively

22  to statutory damages.

23      19.     On information and belief, the Tomlab Defendants have also failed and/or refused to

24  conduct any reasonable investigation to determine whether or not GPOCS infringed the exclusive

25  copyright rights of Ross, and until recently the Tomlab Defendants continued to sell GPOCS with

26  reckless disregard for whether or not GPOCS infringes Ross' copyright.

27      20.     By virtue of the circumstances described in the preceding paragraph, the Tomlab

28  Defendants' infringement was willful, and Ross is entitled to punitive damages in an amount

1  according to proof, or alternatively to enhanced statutory damages.

2      WHEREFORE Ross prays for judgment as set out in the Prayer, below.

3                  **SECOND CAUSE OF ACTION**
4                  (Copyright Infringement – Rao)

5      21.    Ross realleges and incorporates by reference paragraphs 1 though 14, and 16, above.

6      22.    On information and belief Rao has in the past sold the GPOCS software program in

7  the United States generally, and he continues to do so.  Such sales include but are not limited to at

8  least one sale in this district, in the County of Monterey.

9      23.    Rao's conduct in copying actual code and/or non-literal expression copied and/or

10 derived from the original Ross DIDO program, constitutes infringement by Rao of the exclusive

11 rights of Ross in the copyrighted DIDO program, as does Rao's conduct in distributing GPOCS and

12 the versions of the GPOCS software that preceded it.  Such infringed exclusive rights include the

13 right to reproduce the copyrighted work, and the right to prepare derivative works based on the

14 copyrighted work, and the right to distribute the copyrighted work

15     24.    As a consequence of Rao's conduct, Ross has suffered damages and other

16 irreparable injury, and he will continue to do so unless Rao is enjoined.  Ross is accordingly

17 entitled to monetary damages and the forfeiture of Rao's infringer's profits, or alternatively to

18 statutory damages.  Ross is also entitled to injunctive relief.

19     25.    Notwithstanding demand, Rao has failed and/or refused to cease and desist from

20 selling GPOCS.  On information and belief, Rao also failed and/or refused to conduct any

21 reasonable investigation to determine whether or not GPOCS infringes the exclusive copyright

22 rights of Ross, and Rao continues to sell GPOCS with reckless disregard for whether or not GPOCS

23 infringes Ross' copyright.

24     26.    By virtue of the circumstances described in the preceding paragraph, Rao's

25 infringement is willful, and Ross is entitled to punitive damages in an amount according to proof,

26 or alternatively to enhanced statutory damages.

27 ///

28 ///

**THIRD CAUSE OF ACTION**
(Declaratory Judgment – Rao)

27.     Ross realleges and incorporates by reference paragraphs 1 though 8, above.

28.     This is a cause of action for a declaratory judgment under 28 U.S.C. § 2201(a).

29.     By a complaint filed in this court on March 8, 2008, under Case No. C08 01596BZ (the "Dismissed Rao Action"), Rao asserted claims against Ross for:

(a)     A declaratory judgment that the GPOCS program does not infringe Ross' copyright;

(b)     Libel per se, based on statements allegedly made by Ross in certain emails and other communications; and,

(c)     Slander per se, based on statements allegedly made by Ross at certain academic conferences.

30.     Ross denies and disputes the claims for libel and slander referred to in the preceding paragraph.  However, before he was able to file his answer in the Dismissed Rao Action, Rao dismissed that action by notice filed on April 16, 2008.

31.     By virtue of the conflicting positions of Ross and Rao arising from Ross' denial of Rao's libel and slander allegations, an actual and justiciable controversy exists between those parties which is appropriate for determination under 28 U.S.C. § 2201(a).

32.     Ross accordingly seeks a declaratory judgment that he did not make any statement concerning Rao that was defamatory in any respect, and that he is therefore not liable to Rao on either of the defamation claims asserted in the Dismissed Rao Action.

33.     A declaratory judgment of the kind sought in the preceding paragraph is necessary and appropriate at this time, in order to determine the parties' rights with respect to the matters in dispute between them, and to avoid a multiplicity of lawsuits with possibly inconsistent results.

WHEREFORE, Ross prays for judgment as set out in the Prayer, below.

**PRAYER**

WHEREFORE, Ross prays for judgment as follows:

1.     On the First Cause of Action for Copyright Infringement against the Tomlab Defendants, for compensatory damages according to proof, and any infringer's

1   profits of the Tomlab Defendants attributable to the infringement;

2   2.   On the First Cause of Action for Copyright Infringement against the Tomlab

3        Defendants, for punitive damages according to proof;

4   3.   Alternatively to (1) and (2), above, for statutory damages, including enhanced

5        damages under 17 U.S.C. section 504(c)(2) based on the Tomlab Defendants' willful

6        conduct;

7   4.   On the Second Cause of Action for Copyright Infringement against Rao, for

8        compensatory damages according to proof, and any infringer's profits of Rao

9        attributable to the infringement;

10  5.   On the Second Cause of Action for Copyright Infringement against Rao, for punitive

11       damages according to proof;

12  6.   Alternatively to (4) and (5), above, for statutory damages, including enhanced

13       damages under 17 U.S.C. section 504(c)(2) based on the Rao's willful conduct;

14  7.   On the Second Cause of Action for Copyright Infringement against Rao, for a

15       permanent injunction;

16  8.   On the Third Cause of Action for declaratory judgment against Rao, for a judgment

17       declaring that Ross did not make any defamatory statement concerning Rao, and that

18       Ross is not liable to Rao for damages for defamation;

19  9.   An the First and Second Causes of Action, for costs and attorney's fees under 17

20       U.S.C. section 505;

21  10.  On the Third Cause of Action, for costs of suit; and,

22  11.  For such further or alternative relief as may be appropriate.

23  Dated:  May 9, 2008                    CARR & FERRELL *LLP*

24

25                                  By:  /s/ Stuart C. Clark

26                                       STUART C. CLARK
                                         CHRISTINE S. WATSON

27                                       Attorneys for Plaintiff
                                         I. MICHAEL ROSS

28

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiff I. Michael Ross hereby demands a jury trial of all issues in the above-captioned

4   action which are triable to a jury.

5

6   Dated:  May 9, 2008                                        CARR & FERRELL *LLP*

7

8                                                        By: _/s/ Stuart C. Clark_____

9                                                             STUART C. CLARK
                                                              CHRISTINE S. WATSON

10                                                            Attorneys for Plaintiff
                                                              I. MICHAEL ROSS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second Amended Complaint for Copyright Infringement and Unfair Competition
(Case No. C08-01052 MHP)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TXu 1-571-354**

**Effective date of registration:**

February 4, 2008

## Title

Title of Work: DIDO

## Completion/Publication

Year of Completion: 2001

## Author

■ Author: Isaac Michael Ross

Author Created: Computer program

Work made for hire: No

Domiciled in: United States

Anonymous: No          Pseudonymous: No

■ Author: Fariba Fahroo

Author Created: Computer program

Work made for hire: No

Domiciled in: United States

Anonymous: No          Pseudonymous: No

## Copyright claimant

Copyright Claimant: Isaac Michael Ross

56 Skyline Crest, Monterey, CA, 93940

Transfer Statement: By written agreement

## Limitation of copyright claim

Material excluded from this claim: The work is not based on and does not incorporate any preexisting work, except that snippets of computer program code by William Gragg are incorporated

Previously registered: No

EXHIBIT  A

**New material included in claim:**   New and revised computer program code

## Certification

        **Name:**   Isaac Michael Ross

        **Date:**   January 28, 2008

IPN#:

**Registration #:**   TXU001571354

**Service Request #:**   1-41750867

Carr & Ferrell LLP
Jefferson F. Scher
2200 Geng Road
Palo Alto, CA 94303