1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile: (650) 812-3444

6  Attorneys for Defendant
   I. MICHAEL ROSS

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

| ANIL RAO, | CASE NO. C08-01596 MHP |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION OF PREVAILING PARTY I. MICHAEL ROSS FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| I. MICHAEL ROSS, | Date:  June 9, 2008 |
| Defendant. | Time:  2.00 p.m. |
|  | Place: Courtroom 15, 18th Floor |
|  | Judge: Hon. Marilyn Hall Patel |

{00312382v1}

Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

# TABLE OF CONTENTS

I. **INTRODUCTION** .......... 1

II. **ARGUMENT** .......... 1

A. **Defendant Ross Is A Prevailing Party And Is Entitled To Recover Fees From Rao.** .......... 1

1. *Ross Is The Prevailing Party Because Rao Voluntarily Dismissed The Action.* .......... 1

2. *Ross Is Entitled To Attorney's Fees Under Section 505 Of The Copyright Act.* .......... 2

B. **Defendant Ross Is Also Entitled To Recover Fees From Rao's Counsel.** .......... 3

III. **CONCLUSION** .......... 4

## TABLE OF AUTHORITIES

**CASES**

*Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598 (2001) .................................................................................................1

*International Marble v. Congress Financial*, 465 F.Supp.2d 993 (C.D. Cal. 2006) ................1, 2

*Kona Enterprises v. Estate of Bishop,* 229 F.3d 877 (9th Cir. 2000) ...........................................1

**STATUTES**

17 U.S.C. § 505 .......................................................................................................1, 2, 3, 4

28 U.S.C. § 1927 ...........................................................................................................1, 3, 4

California Rule of Professional Conduct 2-100 ........................................................................3

F.R.Civ.P. 54(d) ..........................................................................................................................4

**OTHER AUTHORITIES**

Schwarzer, et al., *Federal Civil Procedure Before Trial* (TRG 2008) ..........................................2

Wright, Miller & Kane, *Federal Practice & Procedure* § 2667 (3d Ed. 1998) ............................2

{00312382v1}   -ii-
Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

## I. INTRODUCTION

Plaintiff Anil Rao's ("Rao") opposition fails to rebut the essential elements of defendant I. Michael Ross' ("Ross") motion for an award of attorney's fees under both section 505 of the Copyright Act and under 28 U.S.C. § 1927, because: (1) Ross is indeed the prevailing party; and (2) the conduct of Rao and his counsel satisfy the standards for the imposition of attorney's fees. Accordingly, Ross's motion should be granted as prayed.

## II. ARGUMENT

### A. Defendant Ross Is A Prevailing Party And Is Entitled To Recover Fees From Rao.

Rao's opposition confuses the different, though related, concepts of determining who the prevailing party is, and determining whether the prevailing party is entitled to attorney's fees. Rao's opposition also confuses the principles applicable to determining who the prevailing party is in contested cases, and in cases in which the action is voluntarily dismissed. As we shall explain, on application of the proper principles of law, and on the facts: (1) Ross is the prevailing party because Rao voluntarily dismissed the action against him; and (2) Ross is also entitled to attorney's fees under section 505 of the Copyright Act, and under 28 U.S.C. § 1927.

#### 1. *Ross Is The Prevailing Party Because Rao Voluntarily Dismissed The Action.*

Rao is simply wrong in asserting that "defendant is not a prevailing party." Opposition, 4:1. Moreover, neither *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 603 (2001) nor any other case cited by Rao stands for the proposition that a defendant against whom an action is *voluntarily dismissed* is anything but a prevailing party.

At the risk of belaboring the black letter law that a defendant against whom an action is dismissed is a prevailing party, we refer to the case of *International Marble v. Congress Financial*, 465 F.Supp.2d 993 (C.D. Cal. 2006). In that case the court held – after an extensive review of the case law and of authoritative texts – that a defendant with respect to whom an action has been dismissed is the prevailing party. In the course of reaching that finding the court relied, among other authorities, on *Kona Enterprises v. Estate of Bishop,* 229 F.3d 877, 889 (9th Cir. 2000), and

{00312382v1}         -1-
Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

in particular on its holding that "[o]ur circuit has similarly held that a voluntary dismissal with prejudice is 'tantamount to a judgment on the merits' for purposes of attorney's fees awards." The court in *International Marble* then went on to cite the same section of Schwarzer, et al., *Federal Civil Procedure Before Trial* (TRG 2008) that Ross relied on in his opening brief. Motion, 6:3-5. Additionally, the court in *International Marble* also cited Wright, Miller & Kane, *Federal Practice & Procedure* § 2667 (3d Ed. 1998) for the proposition that "a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party."

Thus, there is no reasonable basis upon which Rao can possibly justify his contention that Ross is not the prevailing party as the result of Rao's voluntary dismissal of the action.

    2. <u>Ross Is Entitled To Attorney's Fees Under Section 505 Of The Copyright Act.</u>

The absence of any basis for Rao's argument that Ross is not the prevailing party removes the entire foundation of his dependent argument that Ross is not entitled to attorney's fees. Opposition, 5:17 ("Defendant is not a prevailing party here.") and 6:3-7 (*Fogerty* and *Susan Waukeen Doll Co.* cases "simply do not apply *because defendant is not a prevailing party . . .*" – emphasis added). Thus Rao's argument that Ross is not entitled to attorney's fees must be rejected also.

Because Rao assumed the invulnerability of his "not the prevailing party" contention, he did not bother to address the criteria applicable to an award of attorney's fees under section 505 of the Copyright Act – which are set out at 6:6-14 of the Motion. Thus, Rao did not dispute – or even address – Ross' argument that the entitlement to such fees must be determined by reference to factors such as "frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence." Motion, 6:9-11. Nor did Rao dispute – nor even address – Ross' contention that Rao's (and his counsel's) conduct with respect to the filing and dismissal of the action was "calculated to inflict the maximum financial cost on Ross" (Motion, 7:4-5), constituted "hardball tactics against Tomlab that were clearly calculated to destroy evidence in Tomlab's possession that might prove copyright infringement by Rao" (*Id.,* 7:12-14), and involved "litigation tactics that were motivated by spite, and were objectively unreasonable, and further included frivolous litigation conduct and conduct calculated to destroy evidence" (*Id.* 7:19-

{00312382v1} -2-
Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

21).

Under the circumstances, Rao's election not to present argument or evidence contesting Ross' entitlement to an award of fees under section 505 of the Copyright Act should be construed as an implicit acknowledgement that if Ross is indeed the prevailing party (as he is), then an award of attorney's fees is proper. Ross accordingly asks that the Court may so order.

**B.    Defendant Ross Is Also Entitled To Recover Fees From Rao's Counsel.**

The overwhelming and indisputable evidence presented in support of Ross' motion readily establishes the bad faith that Rao argues is a prerequisite for a fee award under 28 U.S.C. § 1927. From the very first letter from Rao's counsel to Ross personally in violation of California Rule of Professional Conduct 2-100, to the delayed filing of the dismissal until he could be certain that Ross had spent the maximum amount of time and money on preparing his response to the complaint, the conduct of Rao and his counsel involved frivolousness, improper and/or vindictive motivation, and objective unreasonableness, i.e. each of the criteria for a fee award under section 505. Thus, the "considerations of compensation and deterrence" that those criteria are designed to serve are present here in spades.

Rao's attempt to justify his counsel's conduct by individually examining a couple of elements of the litany of misconduct engaged in misses the point. That conduct has to be evaluated in its totality, and when the conduct is evaluated in its totality then the subjective bad faith of Rao's counsel becomes apparent.

Of course an attorney might reasonably omit to promptly file a related case motion. And of course an attorney is entitled to change his or her mind and dismiss an action. But the conduct of Rao's counsel was not limited to such innocuous activities. It consisted of badgering Ross personally with correspondence that violated the Rules of Professional Conduct, of demanding stipulations on less than 24 hours notice under threat of an ex parte application absent acquiescence, of giving false notice of an ex parte application (and thereby triggering the urgent need to address the related case issue, and the issue of which judge would hear the ex parte application), of then refusing to cooperate in addressing the related case issue that was made urgent by the false notice of hearing, of attempting to force Tomlab to destroy evidence rather than turning

{00312382v1}                                           -3-
Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

it over to Ross in discovery, and finally in waiting until hours before the deadline for Ross to respond to the complaint before filing the voluntary dismissal.

The Opposition and supporting declaration make no attempt to explain or otherwise justify Rao's counsel's conduct with respect to the communications with Ross directly in violation of the Rules of Professional Conduct, or why he did not inform Ross' counsel that he declined to sign to the related case stipulation that counsel for Tomlab properly and promptly agreed to sign, or why he threatened an ex parte application to force a stipulation within less than 24 hours, or why he threatened and falsely gave notice of an ex parte application and then never filed it, or why he waited until April 16 at mid day to dismiss the action if he knew on April 14[1] of the facts that he claims caused him to dismiss the action (assuming in Rao's counsel's favor that this barely rational reason for dismissing the action – given the uncertainty of whether there would be a settlement[2] – is indeed the reason for the dismissal). The deafening silence from Rao's counsel on all of those issues is damning, and effectively concedes the bad faith nature of the conduct involved.

Under the circumstances, Ross is also entitled to an order that Rao's counsel, Mr. Eletich, should pay the expenses incurred by Ross as the result of the unnecessary multiplication of the proceedings, as is more fully described in the Motion at 9:12-13, and footnote 15.

### III.    CONCLUSION

For the foregoing reasons, and for the reasons stated on the opening brief in support of the Motion: (1) Ross as the prevailing party is entitled to recover from Rao his attorney's fees, in the amount of $12,320, under 17 U.S.C. § 505 and F.R.Civ.P. 54(d); and (2) Ross is entitled to recover from Rao's counsel, Mr. Eletich, the *excess* attorney's fees incurred by him in connection with the Related Case Motion and the preparation of Ross' answer and counterclaim, and the protective order, in the amount of $5,480, under 28 U.S.C. § 1927. The order against Mr. Eletich should be joint and several as to himself and Rao. Ross respectfully requests that the Court may so order.

---

[1]. Declaration of Derek Eletich dated May 18, 2008, ¶ 8.
[2]. As of May 21, 2008 a settlement had not yet been concluded between Ross and Tomlab: See stipulation of the parties and order to continue the Case Management Conference in Case No. C08-01052 MHP (Document 24).

{00312382v1}    -4-
Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)

1   Dated: May 23, 2008

CARR & FERRELL *LLP*

By:  _____
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Defendant
I. MICHAEL ROSS

{00312382v1}   -5-

Defendant's Reply in Support of Motion of Prevailing Party
I. Michael Ross for Attorney's Fees and Costs (Case No. C08-01596 MHP)