**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL RAO, | No. C 08-01596 MHP |
|     Plaintiff, | |
|   v. | **MEMORANDUM & ORDER** |
| I. MICHAEL ROSS, | Re: Defendant's Motion for Attorneys' Fees |
|     Defendant. | |

BACKGROUND

    On February 21, 2008 defendant Michael Ross filed an action (hereinafter "the First Suit") for copyright infringement and unfair competition against Tomlab A.B. ("Tomlab"), with whom plaintiff Anil Rao had entered into a license agreement. Rao's attorney, under the belief that Ross' complaint against Tomlab was filed for the purpose of interfering with Rao's contractual relationship with Tomlab, filed a separate action (hereinafter "the Second Suit") against Ross on March 24, 2008. Eletich Dec., ¶¶ 3–4. Approximately three weeks later, on April 16, 2008, Rao filed a Notice of Voluntary Dismissal and the court ordered Rao's complaint dismissed the next day.

    On April 29, 2008 Ross filed the instant motion under 17 U.S.C. section 505 and Federal Rule of Civil Procedure 54(d) asking for attorneys' fees incurred in connection with defense costs associated with the Second Suit. Additionally, Ross seeks an award of attorneys' fees against Rao's attorney, Derek A. Eletich, under 28 U.S.C. section 1927.

LEGAL STANDARD

I.  Section 505

Under section 505 of the Copyright Act, a "[d]istrict court may, as [an] exercise of its statutory discretion, award attorney fees and costs to [a] prevailing party in [a] copyright infringement suit." 17 U.S.C. §505. The Supreme Court has held that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit," does not make the plaintiff a prevailing party because it does not constitute "a judicially sanctioned change in the legal relationship of the parties." Buchannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001). The Ninth Circuit follows a two-part test to determine who constitutes a prevailing party for purposes of awarding attorneys' fees: First, the party must achieve a material alteration of the legal relationship of the parties; and second, that alteration must be judicially sanctioned. Carbonell v. INS., 429 F.3d 894, 898 (9th Cir. 2005). Specifically, in order for a material alteration to be legally sanctioned, some relief or action by the court is necessary. Id. at 900–01.

II.  Section 1927

"[A]n attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. In order for actions to qualify as unreasonable and vexatious under section 1927, a finding of subjective bad faith on the part of the attorney is required. Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). Both "[k]nowing and reckless conduct meets this standard." Id.

DISCUSSION

I.  Section 505

Ross contends that as a result of Rao's voluntary dismissal of the action against Ross, Ross became a prevailing party and is thus entitled to attorneys' fees and costs under section 505 of the Copyright Act. Defendant makes this contention pursuant to Int'l Marble v. Congress Financial, 465

2

1 F. Supp. 2d 993 (C.D. Cal. 2006), and Kona Enterprises v. Estate of Bishop, 229 F.3d 877 (9th Cir.
2 2000), which state that a party against whom an action is voluntarily dismissed is a prevailing party
3 for purposes of attorneys' fee awards. Plaintiff's argument is flawed, however, because: 1) these
4 cases, based on diversity jurisdiction, were decided under state substantive law; and 2) a voluntary
5 dismissal does not render the party against whom the case is dismissed a "prevailing party" under
6 Buchannon.

7 Int'l Marble adjudicated the prevailing party issue by reliance upon California law. 465 F.
8 Supp. 2d at 998. Indeed, that court acknowledged that an action governed by the Copyright Act, or
9 some other federal statute, would be distinguishable from that action and Kona Enterprises, both
10 decided under state law. Id. at 999. Thus, this court will rely instead on Buchannon and Carbonell,
11 both decided under federal law, to determine whether Ross is a prevailing party.

12 To be a prevailing party under Carbonell, a party must achieve a judicially sanctioned
13 material alteration of the legal relationship between the parties. 429 F.3d at 898. However, before
14 an alteration is considered judicially sanctioned, some relief or action by the court is necessary. Id.
15 at 900–01. Here, Rao voluntarily dismissed his complaint against Ross before Ross filed a
16 responsive pleading.

17 Under Federal Rule of Civil Procedure 41(a), "a plaintiff may dismiss an action without a
18 court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a
19 motion for summary judgment." Rule 41(a) "grants plaintiffs an absolute right to dismiss[] without
20 prejudice claims against one or more defendant, and requires no action on the part of the court."
21 Duke Energy Trading and Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001). Thus, "[a]
22 Rule 41(a) motion is a matter of right running to the plaintiff and may not be extinguished or
23 circumscribed by adversary or court. . . . Its alpha and omega . . . [is] the doing of the plaintiff
24 alone." Id. Thus, pursuant to rule 41(a), no action on the part of the court was necessary for the
25 plaintiff to exercise this right to voluntary dismiss the complaint. See Duke, 267 F.3d at 1049.
26 Consequently, since defendant is not a prevailing party as it did not achieve a judicially sanctioned
27 material alteration in the legal relationship between the parties, no attorneys' fees are warranted.
28

II.    Section 1927

Ross posits three arguments in support of his section 1927 claim. First, that Rao delayed in filing his voluntary dismissal until the last day for Ross to respond in order to maximize the financial burden upon Ross. Second, that Rao's failure to respond to Ross' request to stipulate to a motion to relate caused Ross additional financial harm. Third, that Rao's attorney, Eletich, violated California Rule of Professional Conduct 2-100. The court discusses each in turn.

### A.    Delay in Voluntarily Dismissing the Second Suit

Ross points to Edwards v. Gen. Motors Corp., 153 F.3d 242 (5th Cir. 1998), for the proposition that a delay in dismissing an action against a party can serve as a basis for attorneys' fees under section 1927. Edwards is distinguishable. There, plaintiff did not seek a voluntary dismissal but rather engaged in "the willful continuation of a suit known to be meritless, and conceded to have been abandoned." Id. at 247. Here, there is no evidence indicating that Eletich continued a suit he thought to be meritless and which he had abandoned prior to the voluntary dismissal.

Ross blames Rao for this purported delay in voluntarily dismissing the complaint even though Ross also delayed filing his responsive pleadings until the last possible day to file such papers. Thus, the purported delay implicated conduct by both parties. Additionally, Ross presents no evidence to indicate that Eletich acted in bad faith by waiting until the last day to file the voluntary dismissal. Eletich claims to have voluntarily dismissed the complaint almost immediately upon determining that the action was moot. Eletich Dec., ¶¶ 8–10. In the absence of any other evidence, the timing of the dismissal alone does not demonstrate subjective bad faith as required by Pacific Harbor Capital, Inc., 210 F.3d at 1118.

### B.    Failure to Stipulate

"Whenever a party knows or learns that an action, filed . . . [in] this district is . . . related to an action which is or was pending in this District . . . the party must promptly file . . . an Administrative Motion to Consider Whether Cases Should be Related." Civ. L.R. 3-12(b). This rule

4

makes no distinction as to which party is to file the motion and only requires a party to file such motion upon becoming aware that an action is related. Rao's attorney did not immediately file a Related Case Motion because he was allegedly considering whether the cases were, in fact, related. Rao's attorney was well within his right to disagree with Ross' attorney regarding the related case motion and Ross presents no evidence of subjective bad faith. Thus, this argument is without merit.

### C. Professional Responsibility Violations

Ross also contends that Eletich's direct communication with defendant Ross in violation of California Rule of Professional Conduct 2-100 render Eletich liable for section 1927 sanctions. Defendant's argument fails, however, because this conduct did not multiply the proceedings in any manner. See Peterson, 124 F.3d at 1386.

The court notes that it is Ross' attorney's conduct that has multiplied these proceedings. Ross' attorney's conduct—filing the instant motion—mimics the very conduct that Ross alleges Rao's attorney engaged in and for which Ross seeks to recover attorneys' fees. To wit, the instant order is the only potential alteration of the legal relationship between the parties that has been judicially sanctioned.

### CONCLUSION

The court has had no interaction with these attorneys, but notes that they both practice within the small intellectual property legal community of Palo Alto. If they have not previously bumped into each other, they undoubtedly will in the future. Civility is of the utmost importance in any legal community, and it is absolutely obligatory in this case. Engaging in or causing opposing counsel to engage in unnecessary motion practice, writing accusatory letters and being non-responsive to other attorneys' calls and correspondence result in a burden to the court and all counsel. Much of what occurred here, including this motion, could and should have been avoided.

For the foregoing reasons, defendant's motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated: June 11, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5